UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| SIERRA CLUB, *et al.*, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | No. 2:20-cv-00396-LEW |
| ) | |
| UNITED STATES ARMY CORPS ) | |
| OF ENGINEERS, *et al.*, ) | |
| ) | |
| Defendants ) | |
| ) | |
| v. ) | |
| ) | |
| CENTRAL MAINE POWER CO., ) | |
| ) | |
| Intervenor Defendant ) | |

## ORDER ON PLAINTIFFS' EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL

The Sierra Club, the Natural Resources Council of Maine, and the Appalachian Mountain Club ("Plaintiffs") have moved for an emergency injunction pending their appeal of my Order dated December 16, 2020 (ECF No. 42) denying their motion for preliminary injunction to stop construction of Intervenor Defendant CMP's NECEC transmission line project. Unlike the underlying motion for preliminary injunction, Plaintiffs' current request is focused on enjoining anticipated construction activity exclusively in Segment 1.

In the Order denying a preliminary injunction, I concluded that Plaintiffs are not likely to succeed in proving either (1) that the Corps' NEPA review of CMP's CWA/RHA permit application requires that the Corps produce an all-encompassing, project-wide environmental impact statement or (2) that the Corps' Environmental Assessment with its finding of no significant impact to waters of the United States is the product of caprice, an abuse of the Corps' discretion,

or in violation of NEPA or the governing regulatory framework. However, I did see some cause for concern in the record and I certainly did not rule without carefully considering the quality of the Corps' WOTUS-specific assessment.

Pursuant to Rule 8 of the Federal Rules of Appellate Procedure, a party that does not achieve a preliminary injunction to preserve the status quo throughout the entire course of a litigation may seek a more limited injunction pending an appeal of the denial of preliminary injunctive relief. Ordinarily, the party must first request the more limited relief from the District Court, given that the District Court will have greater familiarity with the record when the request is made. Fed. R. App. P. 8(a)(1)(A).

The standard for an injunction pending appeal is the same as the standard for a preliminary injunction. *Respect Me. PAC v. McKee*, 622 F.3d 13, 15 (1st Cir. 2010). "To grant a preliminary injunction, a district court must find the following four elements satisfied: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) a balance of equities in the plaintiff's favor, and (4) service of the public interest." *Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc.*, 794 F.3d 168, 171 (1st Cir. 2015). However, in the context of a motion for injunctive relief pending appeal a court may consider whether the appeal raises "serious legal questions" and whether denial of the request would compromise the appellant's access to "meaningful review." *NCTA - Internet & Television Ass'n v. Frey*, No. 2:19-CV-420-NT, 2020 WL 2529359, at *2 (D. Me. May 18, 2020) (quoting *Providence Journal Co. v. Fed. Bureau of Investigation*, 595 F.2d 889, 890 (1st Cir. 1979)). Even in the context of this more limited request, the likelihood of success remains the weightiest factor. *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002) (per curiam).

As for the likelihood of success, I concluded in my prior Order that it is unlikely the Plaintiffs will establish the need for a project-wide EIS for this private development project. I also

concluded that the Corps' EA likely will survive review under the Administrative Procedures Act. Of course, when one views all of the relevant WOTUS impacts cumulatively and asks whether they will "significantly affect[] the quality of the human environment," 42 U.S.C. § 4332(2)(C), the inquiry gives one pause. Nevertheless, it is not clearly apparent to me why the Corps could not fairly conclude, as to Segment 1 in particular, that impacts consisting in large measure of cover conversion for remote wetlands and buffered cover conversion for stream crossings will not significantly affect the quality of regional waters of the United States and what they contribute to the human environment. At the same time, although a federal agency is not required to treat the term "significant" as setting a high bar, *e.g.*, *E.P.A. v. EME Homer City Generation*, *L.P.*, 572 U.S. 489 (2014), the term might well allow a meaning closer to substantial.[1] When Congress employs this kind of terminology and then delegates to administrative agencies the primary responsibility for its interpretation, a reviewing court is not in a very solid position to vacate or enjoin administrative decisions without having something relatively noteworthy to rely on in terms of a gaffe in the agency's reasoning. I did not see that kind of failure in the Corps EA or its Addendum. Consequently, although there is a dearth of analogous First Circuit precedent and it is conceivable that the First Circuit may blaze a different trail for this litigation to follow in regard to preliminary injunctive relief, Plaintiffs have not persuaded me that they are likely to prevail on the merits or that their showing raises a serious legal question that cannot be navigated without advance blazing by the First Circuit.

As for the irreparable injury factor, this factor rather than the merits factor is the head of the spear Plaintiffs wield in this contest. But its metal is gauged by the merits analysis. *P.R. Hosp.*

---

[1] In *Quinonez-Lopez v. Coco Lagoon Development Corporation*, 733 F.2d 1, 2 (1st Cir. 1984), the Court of Appeals wrote: "The critical determination of the Corps here under review is that there is no substantial possibility that [the] permitted activities could significantly affect the quality of the human environment." Does the quoted language make it more or less likely that Plaintiffs will prevail? I could not say and consequently did not offer the quote in my Order denying plaintiff's motion for a preliminary injunction.

...

*Supply, Inc. v. Boston Scientific Corp.*, 426 F.3d 503, 507 n. 1 (1st Cir. 2005) ("What matters ... is not the raw amount of irreparable harm [a] party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits." (quoting a state law standard that "closely tracks the federal standard")); *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 16 (1st Cir. 2002) (the essential ingredient for a stay pending appeal is likelihood of success on the merits). Here, the deferential standard of review, the relatively elastic "significantly affects" standard entrusted to an expert administrator, the shoot-the-moon quality of Plaintiffs' primary effort to federalize the entire Project, the dispersed and less intensive nature of the anticipated WOTUS impacts, the lack of defection by other interested environmental agencies on questions essential to judicial review, and the administrative decision suggesting the Corps took a hard look at environmental concerns, cohere to absorb Plaintiffs' charge without breaking.

Plaintiffs' Emergency Motion for Injunction Pending Appeal is DENIED.

**SO ORDERED.**

Dated this 23rd day of December, 2020.

                                           /s/ Lance E. Walker
                                           UNITED STATES DISTRICT JUDGE