Catherine Barton Johnson
P.O. Box 551
Alna, ME 04535
(207) 586-5706
cjohnson@tidewater.net

Kevin Cassidy (*pro hac vice*)
Earthrise Law Center
P.O. Box 445
Norwell, MA 02061
(781) 659-1696
cassidy@lclark.edu

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **SIERRA CLUB, NATURAL RESOURCES COUNCIL OF MAINE,** and **APPALACHIAN MOUNTAIN CLUB,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES ARMY CORPS OF ENGINEERS,** an agency of the United States government, **COLONEL JOHN A. ATILANO II**, Commander and District Engineer, in his official capacity, and **UNITED STATES DEPARTMENT OF ENERGY,** an agency of the United States government,<br><br>Defendants, and<br><br>**CENTRAL MAINE POWER COMPANY** and **NECEC TRANSMISSION LLC,**<br><br>Intervenor Defendants. | CIVIL NO. 2:20-cv-00396-LEW<br><br>**MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD AND TO SUPPLEMENT THE RECORD**<br><br>**ORAL ARGUMENT REQUESTED** |

**<u>Table of Contents</u>**

MOTION.............................................................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES .................................................. 1

A.    INTRODUCTION ........................................................................................ 1

B.    Legal Standards under the APA's "Whole Record" Rule .................................. 3

C.    Argument ....................................................................................................... 4

       1.    The Court Should Order Defendants to Prepare a Complete Privilege Log Identifying any Deliberative Documents Withheld from the Administrative Records. ...................................................................... 4

       2.    The Agencies Should Complete the Administrative Records with Already Disclosed Documents and other Specified Documents that Defendants Considered Directly or Indirectly During the Decision-Making Process. ...................................................................... 7

       3.    The Record Should Be Supplemented with the Extra–Record Evidence of Plaintiffs' Expert Declarations. ........................................................ 12

D.    CONCLUSION........................................................................................... 15

| Case | Page(s) |
|---|---|
| *Batalla Vidal v. Duke*, 2017 WL 4737280 (E.D.N.Y. Oct. 19, 2017) ...................................... 6, 9 | |
| *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402 (1971) .......................................... 3,7 | |
| *Ctr. for Biological Diversity v. Bernhardt*, 2020 WL 1130365 (D. Mont. Mar. 9, 2020).......... 4, 6 | |
| *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 2020 WL 2732340 (S.D. Fla. 2020).................................................................................................... *passim* | |
| *Ctr. for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267 (D. Colo. 2010)........................ 6, 7 | |
| *Davis Mountains Trans-Pecos Heritage Ass'n v. Fed. Aviation Admin.*, 116 F. App'x. 3 (5th Cir. 2004) ...................................................................... 13 | |
| *Defs. of Wildlife v. U.S. Dep't of the Interior*, No. 18-2090 (4th Cir. Feb. 5, 2019) ................. 4, 5 | |
| *Desert Survivors v. U.S. Dep't of the Interior*, 231 F. Supp. 3d 368 (N.D. Cal. 2017).............. 4, 6 | |
| *Emhart Indus., Inc. v. New England Container Co., Inc.*, 274 F. Supp.3d 30 (D. R.I. 2017) ...... 13 | |
| *Exxon Mobil Corp. v. Mnuchin*, 2018 WL 10396585 (N.D. Tex. June 26, 2018) *objections overruled*, 2018 WL 4103724 (N.D. Tex. Aug. 29, 2018)................................ 6 | |
| *Fla. House of Representatives v. U.S. Dep't of Commerce*, 961 F.2d 941 (11th Cir. 1992)........ 11 | |
| *Georgia Aquarium, Inc. v. Pritzker*, 134 F. Supp.3d 1374 (N.D. Ga. 2014) ....................... 3, 5, 11 | |
| *In re Nielsen*, No. 17-3345, (2d Cir. Dec. 27, 2017) ................................................................. 4, 5 | |
| *In re Penobscot Valley Hospital*, 2020 WL 6840683 (D. Me. Oct. 23, 2020) ............................. 4 | |
| *In re Subpoena Duces Tecum Served on Off. of Comptroller of Currency*, 156 F.3d 1279 (D.C. Cir. 1998) .......................................................................... 5 | |
| *In re United States*, 138 S.Ct. 371 (2017)..................................................................................... 6 | |
| *In re United States Department of Defense and United States Environmental Protection Agency Final Rule*, 2016 WL 5845712 (6th Cir. 2016) .......................................... 5 | |
| *Inst. for Fisheries Res. v. Burwell*, 2017 WL 89003 (N.D. Cal. 2017)............................................ 6 | |
| *Judicial Watch, Inc. v. U.S. Dep't of Def.*, 847 F.3d 735 (D.C. Cir. 2017) ................................. 10 | |

*Ksanka Kupaqa Xa'lcin v. U.S. Fish & Wildlife Serv.*, 2020 WL 4193110
    (D. Mont. Mar. 9, 2020) ................................................................ 4, 8

*Me. v. McCarthy*, 2016 WL 6838221, at *1 (D. Me. Nov. 18, 2016) ............................. 4

*Mickelsen Farms. LLC v. Animal & Plant Health Inspection Serv.*, 2017 WL 2172436
    (D. Idaho May 17, 2017) ..................................................................... 6

*Motor Vehicle Mfrs. Ass'n of U.S.*, 463 U.S. 29 (1983) ........................................ 7

*N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118 (N.D. Cal. 2003) ............................. 7

*Nat'l Trust for Historic Properties v. Bernhardt*, 2020 WL 5221647 (D. Az. Aug. 5, 2020) ....... 7

*New York v. Wolf*, 2020 WL 2049187, (S.D.N.Y. Apr. 29, 2020) ................................ 6

*NLRB v. Beverley Enterprises-Massachusetts, Inc.*, 174 F.3d 13 (1st Cir. 1999) ........................ 3

*NLRB v. Lily Transportation Corp.*, 853 F.3d 31 (1st Cir. 2017) ................................ 14

*NLRB v. Sears Roebuck & Co.* 421 U.S. 132 (1975) .................................... 10

*Oceana Inc. v. Ross* 920 F.3d 855 (D.C. Cir. 2019) ....................................... 5

*Ruskai v. Pistole*, 775 F.3d 61 (1st Cir. 2014) ........................................ 13

*Sierra Club v. U.S. Army Corps of Eng'rs*, 295 F.3d 1209 (11th Cir. 2002) ................................ 5

*Sierra Club v. Zinke*, 2018 WL 3126401 (N.D. Cal. June 26, 2018) .......................... 8

*State v. U.S. Immigr. & Customs Enf't*, 438 F. Supp. 3d 216 (S.D.N.Y. 2020) ......................... 6

*Strahan v. Linnon*, 966 F.Supp. 111 (D. Mass. 1997) ................................ 13

*Suffolk Co. v. Sect'y of Interior*, 562 F.2d 1368, 1383–85 (2d Cir. 1977) .................... 13

*The Clinch Coalition, et al. v. U.S. Forest Serv.*, 2022 WL 1018840
    (W.D. Va. April 5, 2022) ................................................................ 6, 10

*Towns of Norfolk & Walpole v. U.S. Army Corps of Eng'rs*, 137 F.R.D. 183
    (D. Mass. 1991) ..................................................................... 3, 4

*Trout Unlimited v. Lohn*, 2006 WL 1207901 (W.D. Wash. May 4, 2006) .................................... 8

*Winnemem Wintu Tribe v. U.S. Forest Serv.*, 2014 WL 3689699 (E.D. Cal. 2014) ................ 8, 11

| **Statutes** | **Page(s)** |
|---|---|
| 5 U.S.C. § 706 ............................................................................................................ | 2, 3 |
| 5 U.S.C. § 706(2)(A) .................................................................................................. | 2 |
| 5 U.S.C. § 552(b)(5) .................................................................................................. | 10 |

**INDEX OF EXHIBITS**

| | |
|---|---|
| EXHIBIT A | Excerpts of Record: In chronological order with excerpts from the Corps' record followed by excerpts from DOE's record |
| EXHIBIT B | Documents to Complete the Corps' Administrative Record: Documents from the DEP Proceedings Directly or Indirectly Considered by the Corps |
| EXHIBIT C | Documents to Complete DOE's Administrative Record: Documents received by Plaintiffs pursuant to Freedom of Information Act requests to DOE. For the Court's and the parties' convenience, Plaintiffs have merged these documents in this Exhibit and applied pagination to the lower right corner to enable citation to specific pages within the documents. |
| EXHIBIT D | Unpublished slip opinions from the Fourth and Second Circuits |
| EXHIBIT E | Corps' and DOE's privilege logs |
| EXHIBIT F | October 9, 2020 email from Melissa Pauley to Kevin Cassidy |

<u>**MOTION**</u>[1]

Plaintiffs Sierra Club, Natural Resource Council of Maine, and Appalachian Mountain Club ("Plaintiffs") respectfully move this Court for an order (1) requiring Defendants U.S. Army Corps of Engineers ("Corps") and the Department of Energy ("DOE") to prepare and file a privilege log identifying with specificity the deliberative documents or information withheld from their respective administrative records; (2) requiring Defendants to complete the administrative records with documents directly or indirectly considered by Defendants contained in Exhibits B, C and F; and (3) permitting supplementation of the judicial record with the extra-record evidence consisting of Plaintiffs' expert reports from the Preliminary Injunction motion.

Plaintiffs' counsel conferred with Defendants' counsel regarding the contents of the administrative record from March 2021 to shortly before Plaintiffs filed this motion, but the parties were unable to resolve the disputes set forth herein. The grounds for Plaintiffs' motion are set forth in the following memorandum and exhibits.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**A. INTRODUCTION**

This case involves a challenge to the Corps' Environmental Assessment and Finding of No Significant Impact ("EA/FONSI") and issuance of a Clean Water Act ("CWA") section 404 discharge permit and to the DOE's EA/FONSI and Presidential Permit for a proposed project by Central Maine Power ("CMP") to construct 171.4 miles of electrical transmission lines and related facilities in Maine (hereafter, the "Project" or the "CMP Project"). The Corps finalized and approved its EA/FONSI on July 7, 2020. The Corps finalized the CWA permit on November

---

[1] Plaintiffs have conferred with all parties regarding oral argument. Defendants and Intervenor Defendants take no position on whether the Court should hold oral argument. Plaintiffs also have notified all parties that they will seek leave from the Court to allow a certified law student to argue the motion if the Court holds oral argument. Defendants and Intervenor Defendants have no objections.

6, 2020. Subsequently, DOE issued an EA/FONSI and Presidential Permit on January 14, 2021. Plaintiffs' claims under the Administrative Procedure Act ("APA"), National Environmental Policy Act ("NEPA"), and CWA challenge the failure to prepare Environmental Impact Statements ("EIS"), the legality of the agencies' EA/FONSIs, the failure to provide opportunity for public comment on the EA/FONSIs, and the legality of the CWA Section 404 permit. *See generally* ECF No. 75 (Second Supplemental Complaint).

All of Plaintiffs' claims are reviewed under the APA's "arbitrary and capricious" standard. *See* 5 U.S.C. § 706(2)(A). Such claims are reviewed based on the Corps' and DOE's administrative records, subject to any order of the Court to complete the record and/or to supplement the record with extra-record evidence. *Id.* § 706 (providing that in reviewing such claims "the court shall review the whole record or those parts of it cited by a party"). Although the administrative records are voluminous, which is reflective of the size and scope of the Project, the records are not complete, and supplementation of the judicial record is warranted.

By this motion, Plaintiffs first seek an order requiring Defendants to prepare and file a complete privilege log. Defendants erroneously refuse to include in their privilege logs all deliberative documents the agencies withheld from the administrative records. Second, Plaintiffs seek an order requiring Defendants to complete the administrative records with various documents that should have been included in the first place because they were considered directly or indirectly by the Defendants during the decision-making process. Defendants incorrectly refuse to include documents considered in the Maine Department of Environmental Protection ("DEP") proceedings and documents with unsubstantiated claims of deliberative privilege. As explained below, Plaintiffs rebut any presumption of completeness of the records by showing that Defendants applied improper standards regarding what constitutes the "whole

record." Lastly, Plaintiffs seek an order allowing supplementation of the record with the extra-record evidence of Plaintiffs' expert declarations from the preliminary injunction proceedings. Supplementation with extra-record evidence is warranted to consider whether the Defendants have considered all relevant factors and to help explain relevant scientific and technical matters. To ensure the Court has before it a complete record for review, Plaintiffs respectfully request the Court grant its motion.

**B. Legal Standards under the APA's "Whole Record" Rule**

Judicial review under the APA must be based upon the review of the "whole record" developed during an agency's decision-making process. *See* 5 U.S.C. § 706; If the administrative record is incomplete, a reviewing court will be unable to perform "a 'searching and careful' inquiry into the record." *See NLRB v. Beverley Enterprises-Massachusetts, Inc.*, 174 F.3d 13, 24 (1st Cir. 1999) (quoting *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415–16 (1971)). Thus, a complete administrative record is essential for effective judicial review.

The proper scope of an administrative record is broad and includes all the materials directly or indirectly considered by agency decision-makers, including those materials that may be unfavorable to the agency's decision. *See, e.g., Towns of Norfolk & Walpole v. U.S. Army Corps of Eng'rs*, 137 F.R.D. 183, 185 (D. Mass. 1991). A complete administrative record also includes records "that might have influenced the agency's decision," and "may not exclude information from the record simply because it did not 'rely' on the excluded information in its final decision." *Georgia Aquarium, Inc. v. Pritzker*, 134 F. Supp.3d 1374, 1378, n.1 (N.D. Ga. 2014). Given Plaintiffs' allegations of an incomplete record, the Court should start its inquiry by determining what encompasses the "whole record."

**C. Argument**

**1. The Court Should Order Defendants to Prepare a Complete Privilege Log Identifying any Deliberative Documents Withheld from the Administrative Records.**

Deliberative documents are most properly viewed as part of the "whole record" under APA review. The "whole record" means any material that was directly or indirectly considered by agency decisionmakers. *Towns of Norfolk & Walpole*, 137 F.R.D. at 185. Determining whether a document was considered by an agency does not require a predetermination that the document is not deliberative. Rather, an administrative record that "broadly encompasses all documents and materials directly or *indirectly* considered by agency decision-makers and includes evidence contrary to the agency's position ... necessarily includes deliberative materials." *Ksanka Kupaqa Xa'lcin v. U.S. Fish & Wildlife Serv.*, 2020 WL 4193110, at *2 (D. Mont. Mar. 9, 2020) (emphasis in original and internal quotations omitted). Furthermore, "there can be no doubt that under some circumstances, predecisional deliberative communications may go to the heart of the question of whether an agency action was arbitrary and capricious, an abuse of discretion or otherwise inconsistent with the law under Section 706(2) of the APA." *Desert Survivors v. U.S. Dep't of the Interior*, 231 F. Supp. 3d 368, 382 (N.D. Cal. 2017); *see also Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 2020 WL 2732340, at *5 (S.D. Fla. 2020). Therefore, deliberative documents belong in the initial administrative record under APA review.[2]

While an agency action should be judged based on the agency's stated rationale, this does not mean that a court has no role in reviewing all material directly or indirectly considered by

---

[2] *See, e.g.*, *Defs. of Wildlife v. U.S. Dep't of the Interior*, No. 18-2090, slip op. at 2 (4th Cir. Feb. 5, 2019) (attached in Ex. D); *In re Nielsen*, No. 17-3345, slip op. at 3 (2d Cir. Dec. 27, 2017) (attached in Ex. D); *Ctr. for Biological Diversity v. Bernhardt*, 2020 WL 1130365, at *3 (D. Mont. Mar. 9, 2020). Two opinions from the District of Maine suggest that deliberative, intra-agency documents are not part of the administrative record, but also label them as "privileged," which indicates a privilege log should be provided as is the case for other documents withheld as privileged. *See In re Penobscot Valley Hospital*, 2020 WL 6840683, at *3 (D. Me. Oct. 23, 2020) (citing *Me. v. McCarthy*, 2016 WL 6838221, at *1 (D. Me. Nov. 18, 2016)).

agency decisionmakers. Rather, this form of judgment only indicates that "[i]f the court finds deficiencies in the agency's reasoning, it may not rectify them or provide a reasoned basis for the agency decision which the agency itself has not articulated." *Sierra Club v. U.S. Army Corps of Eng'rs*, 295 F.3d 1209, 1216 (11th Cir. 2002). Under the APA, courts still must ensure that they are presented with the whole record for judicial review.

Defendants must formally assert a claim of deliberative process privilege to prove that the withheld documents are deliberative. To qualify for the deliberative process privilege, "material must be both predecisional and deliberative." *Georgia Aquarium, Inc.*, 134 F. Supp.3d at 1379. A document is predecisional if it was generated before agency decision. *Id.* A document is deliberative "if it reflects the give-and-take of the consultative process." *Id.* To officially withhold documents because of their deliberative nature, agencies must substantiate their claims of privilege so a court may determine whether the privilege is warranted. *See Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 2020 WL 2732340, at *5. Put another way, agencies cannot categorically exclude deliberative documents from the administrative record. *Id.*

Thus, a privilege log is necessary to determine whether Defendants are improperly excluding documents from the whole record under the deliberative process privilege.[3] The

---

[3] The First Circuit has not addressed this issue. In unpublished orders, both the Second and Fourth Circuits have endorsed the view that deliberative documents may not be categorically excluded from a record but instead may be withheld through a document-by-document claim of privilege in a privilege log. *See* Ex. D (*Defs. of Wildlife v. U.S. Dep't of the Interior*, No. 18-2090, slip op. at 2 (4th Cir. Feb. 5, 2019) (granting a motion to compel defendants to complete an administrative record and prepare a privilege log for documents withheld "under the guise" of the deliberative process privilege); *In re Nielsen*, No. 17-3345, slip op. at 3 (2d Cir. Dec. 27, 2017) (explaining that without a privilege log, a court "would be unable to evaluate the Government's assertions of privilege")). The D.C. Circuit in, *Oceana Inc. v. Ross*, 920 F.3d 855 (D.C. Cir. 2019), and the Sixth Circuit in *In re United States Department of Defense and United States Environmental Protection Agency Final Rule*, 2016 WL 5845712 (6th Cir. 2016) have held that deliberative materials are generally exempted from the administrative record, but provide scant analysis. *Oceana*, for example, only cited a single case for the proposition that deliberative documents are immaterial: *In re Subpoena Duces Tecum Served on Off. of Comptroller of Currency*, 156 F.3d 1279 (D.C. Cir. 1998). *Id.* However, *In re Subpoena* did not decide the issue at hand, rather, the case was a three-paragraph order granting partial rehearing of a decision enforcing a subpoena over the government's claim of privilege. Not surprisingly, given the *Oceana* court's lack of authority for this proposition and slim analysis, several courts have found the case unpersuasive. *See, e.g., Ctr. for Biological Diversity v. U.S. Fish and Wildlife Serv.*, 2020 WL

purpose of a privilege log is to allow plaintiffs and courts to determine "whether [a] privilege was properly invoked and applied to particular documents so withheld." *State v. U.S. Immigr. & Customs Enf't*, 438 F. Supp. 3d at 217–20. "If a privilege applies, the proper strategy isn't pretending the protected material wasn't considered, but withholding or redacting the protected material and then logging the privilege." *Inst. for Fisheries Res. v. Burwell*, 2017 WL 89003, at *1 (N.D. Cal. 2017). A reviewing court cannot supervise the whole record and plaintiffs will not have any opportunity to challenge the validity of the asserted privilege without a privilege log. This concern is particularly heightened where a deliberative document may disclose factors that were or were not considered by the agency, thus going to the heart of whether the decision was arbitrary and capricious. *See Ctr. for Biological Diversity v. U.S. Fish and Wildlife Serv.*, 2020 WL 2732340, at *3–8. Therefore, in administrative record review cases, parties must provide a privilege log when withholding deliberative documents.[4]

Withholding deliberative documents without requiring proof of the privilege is impermissible because it would allow agencies to unilaterally determine the contents of the record and disrupt a court's essential function in review. "[J]udicial review cannot function if the agency is permitted to decide unilaterally what documents it submits to the reviewing court as the administrative record." *In re United States*, 138 S.Ct. 371, 372 (2017) (Breyer, J. dissenting) ("Neither this Court nor the lower courts has ever read *Overton Park* to limit the 'full administrative record' to those materials that the agency unilaterally decides should be

---

2732340, at *5–6; *The Clinch Coalition, et al. v. U.S. Forest Serv.*, 2022 WL 1018840, at *3–7 (W.D. Va. April 5, 2022); *State v. U.S. Immigr. & Customs Enf't*, 438 F. Supp. 3d 216, 217–20 (S.D.N.Y. 2020).

[4] *See, e.g., The Clinch Coalition*, 2022 WL 1018840, at *7; *New York v. Wolf*, 2020 WL 2049187, at *2–3 (S.D.N.Y. Apr. 29, 2020); *Ctr. for Biological Diversity v. Bernhardt*, 2020 WL 1130365, at *4; *Exxon Mobil Corp. v. Mnuchin*, 2018 WL 10396585, at *3–4 (N.D. Tex. June 26, 2018), *objections overruled*, 2018 WL 4103724 (N.D. Tex. Aug. 29, 2018); *Ctr. for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1276 n.10 (D. Colo. 2010); *Batalla Vidal v. Duke*, 2017 WL 4737280, at *5 (E.D.N.Y. Oct. 19, 2017); *Mickelsen Farms. LLC v. Animal & Plant Health Inspection Serv.*, 2017 WL 2172436, at *4 (D. Idaho May 17, 2017).

considered by the reviewing court."). Additionally, if an agency's opinion on what constituted the whole record was determinative, there would be no need for a presumption of completeness.[5] *See Ctr. For Biological Diversity v. U.S. Fish and Wildlife Serv.*, 2020 WL 2732340, at *3. The agency could just fail to include material that was considered by decision-makers without consequence. Further, it is impossible for courts to meaningfully undertake their role of "thorough, probing, in-depth review" if an agency's decision of the record omits materials that were before the decisionmaker. *Overton Park*, 401 U.S. at 415; *In re United States*, 138 S.Ct. at 372 (Breyer, J., dissenting). For example, a court cannot determine if the agency "offered an explanation for its decision that runs counter to the evidence before the agency" if the court is not presented with all the evidence before the agency. *Motor Vehicle Mfrs. Ass'n of U.S.*, 463 U.S. 29, 43 (1983). Therefore, this Court should order Defendants to provide a privilege log for deliberative documents withheld from the administrative records.

2. **The Agencies Should Complete the Administrative Records with Already Disclosed Documents and other Specified Documents that Defendants Considered Directly or Indirectly During the Decision-Making Process.**

To prevail on a motion to complete the record, plaintiffs must overcome the presumption of regularity by identifying "reasonable, non-speculative grounds for its belief that the documents were considered by the agency and not included in the record." *Nat'l Trust for Historic Properties v. Bernhardt*, 2020 WL 5221647, at *4 (D. Az. Aug. 5, 2020).[6] Application of an incorrect standard by defendants in compiling an administrative record constitutes "reasonable, non-speculative grounds for the belief that the documents were considered by the

---

[5] Such an interpretation also would render the ability and test to overcome the deliberative process privilege superfluous. *See, e.g., N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003) (setting forth the factors for deciding whether the qualified deliberative process can be overcome).

[6] This part of the motion is to complete the record, not to supplement the record. Completion of the record deals with materials considered by the agency but not included in the administrative record, while supplementation deals with "materials which were not considered by the agency." *Ctr. for Native Ecosystems*, 711 F. Supp. 2d at 1274 & n.7.

agency and not included in the record." *Winnemem Wintu Tribe v. U.S. Forest Serv.*, 2014 WL 3689699, at *11 (E.D. Cal. 2014); *Trout Unlimited v. Lohn*, 2006 WL 1207901, at *3 (W.D. Wash. May 4, 2006). Additionally, an agency's "admission that deliberative materials were omitted is sufficient to overcome the presumption that the administrative record is complete." *Ksanka Kupaqa Xa'lcin*, 2020 WL 4193110, at *2. Prior disclosure of documents may also constitute reasonable, non-speculative grounds to overcome the presumption. *See Sierra Club v. Zinke*, 2018 WL 3126401, at *1–4 (N.D. Cal. June 26, 2018) (plaintiffs' introduction of documents received through FOIA constituted "clear evidence" that the omitted materials were considered by the agency in the context of the challenged decision).

Plaintiffs have overcome the presumption of completeness for three distinct reasons. First, Plaintiffs have identified documents from the DEP proceedings that the Corps considered either directly or indirectly but nevertheless chose not to include in its administrative record. Second, Plaintiffs have identified considered documents from the Corps' record that were not included in the DOE's record but should have been. Third, Plaintiffs have demonstrated that Defendants seek to apply incorrect standards of the "whole record" and have purposefully excluded deliberative documents from the administrative records without substantiated claims of privilege. Accordingly, the Court should order Defendants to add the documents included in Exhibit B to the Corps' administrative record and documents in Exhibits C and F, as well as certain comments identified below by Corps' AR numbers, to DOE's administrative record.

First, the Corps' administrative record excludes DEP proceeding documents that might have influenced the Corps' decision, thus rebutting the presumption of completeness. The Corps received DEP records as part of its involvement in the DEP Proceedings and the Corps' inclusion on the service list for those Proceedings, and specifically Jay Clement, the Corps' CMP Project

manager. *See* Ex. A (USACE_AR_0051603; USACE_AR_0051732).[7] Further, the Corps

acknowledged its reliance on the DEP Proceedings as part of the Corps' own evaluation of the

Project. The Corps' EA/FONSI is replete with references to the DEP Proceedings. *See, e.g.,* Ex.

A (USACE_AR_0059112; USACE_0059120; USACE_AR_0059134; USACE_0059148;

USACE_0059198). Thus, the Corps at least "indirectly or constructively considered" the records

as part of its decision-making process. *See Batalla Vidal*, 2017 WL 4737280, at *5 (internal

quotations omitted). As such, the Court should require the Corps to complete the administrative

record with these documents.

Second, the exclusion of documents in the DOE's record that are included in the Corps'

record rebuts the presumption of completeness for DOE's record. For example, DOE failed to

include public comments submitted in response to the Corps' March 26, 2019 public notice and

the Corps' November 1, 2019, public notice regarding the Project. *See* Ex. A

(USACE_AR_0022754–779 (Sierra Club's April 25, 2019 comments); USACE_AR_0022808–

812 (NRCM and AMC's April 25, 2019 comments); USACE_AR_0029807–827 (June 6, 2019

supplemental comments); USACE_AR_0059696–699 (August 11, 2020 comments)).[8] DOE

stated in its EA that "DOE participated in the [Corps'] NEPA process and reviewed public

comments provided to [the Corps] on its EA." Ex. A (DOE_AR_0061293, 61308).[9] Because

DOE's EA/FONSI relied heavily on the Corps' own decision-making process, and DOE

explicitly acknowledged reviewing public comments provided to the Corps, all of the public

---

[7] Notably, DOE, which was also included on the service list, has decided to include these DEP documents in its administrative record. The two agencies' inconsistent treatment of the DEP proceeding documents is further evidence of Plaintiffs' successful rebuttal of the presumption of completeness.

[8] The exhibits and appendices to the comments also should be included in the administrative records but have not been included in Exhibit A for brevity purposes.

[9] The Corps did not provide the public the opportunity to comment on its EA. Thus, the only public comments provided to the Corps that DOE could be referring to are those that were provided pursuant to the Corps' March 26, 2019, and November 1, 2019, public notices, which are the comments referenced above.

comments received by the Corps should be included in DOE's record. DOE's failure to include such documents demonstrates an application of an incorrect standard and constitutes reasonable non-speculative grounds that DOE's administrative record is not complete.

Third, Defendants application of an incorrect and inconsistent standard of "deliberative" rebuts the presumption of completeness. Plaintiffs have received documents from the Corps' record and from a Freedom of Information Act ("FOIA") request to DOE that DOE now claims are deliberative. DOE's position on what constitutes deliberative privileged information is a constantly moving target. Initially, DOE responded to a FOIA request with duplicates of the same July 28, 2020 email from Melissa Pauley to Jay Clement and Tammy Turley that contain different levels of redaction based on privilege. *Compare* Ex. C, at 24 *with* Ex. C at 33 & 40 (including two sentences that were redacted from the earlier email in which DOE is notifying the Corps that a sentence in the Corps' EA is "incorrect").[10] DOE now claims that the disclosed documents in their entirety should be withheld based on their deliberative nature, rather than just portions of the documents.[11] DOE's inconsistent position creates a divergence between the meaning of "deliberative" under the APA and "deliberative" in other contexts where the privilege is asserted, which contravenes precedent and causes the definition of "deliberative" in any given case to be "unknowable to all except the agency itself." *Ctr. for Biological Diversity*, 2020 WL 2732340, at *7; *see also The Clinch Coalition*, 2022 WL 1018840, at *6, n.2.[12]

Additionally, some of the documents that DOE claims are "deliberative" clearly do not fall under the definition of "deliberative." For example, emails from Melissa Pauley on June 28

---

[10] The designation (b)(5) refers to 5 U.S.C. § 552(b)(5), the deliberative process exemption under FOIA.

[11] This is in spite of the fact that the Corps included this entire email exchange in its administrative record. *See* Ex. A (USACE_AR_0059686–88).

[12] Courts have interpreted "deliberative" under FOIA to have the same definition as it does in civil litigation. *See, e.g., Judicial Watch, Inc. v. U.S. Dep't of Def.*, 847 F.3d 735, 738–39 (D.C. Cir. 2017). Notably, the Supreme Court in *NLRB v. Sears Roebuck & Co.* explained that FOIA's deliberative process privilege is construed "to exempt…only those documents, normally privileged in the civil discovery context." 421 U.S. 132, 149 (1975).

& 29, 2020 to Michael Coe and Charles Kosak only contain a request for scheduling and reminders. *See* Ex. C, at 36–39. These emails are not deliberative, because they in no way reflect "the give-and-take of the consultative process." *See Georgia Aquarium, Inc.*, 134 F. Supp.3d at 1379. DOE's claim that these emails are deliberative raises serious questions of whether there are documents Defendants are relying on that are being improperly withheld as "deliberative." This question will remain unanswerable without a complete privilege log.[13] The application of an incorrect standard constitutes "reasonable, non-speculative grounds" for Plaintiffs to meet their burden to rebut the presumption of completeness. *See, e.g., Winnemem Wintu Tribe*, 2014 WL 3689699, at *11–12.[14]

Finally, it appears that DOE omitted at least one critical email from its administrative record. On October 9, 2020, Plaintiffs' counsel emailed DOE's CMP project contact, Melissa Pauley, to inquire when DOE was going to publish its draft EA for public comment. That email is contained in DOE's administrative record. *See* Ex. A (DOE_AR_0047730). However, Ms. Pauley's response on the same day does not appear on DOE's AR Index and Plaintiffs have been unable to locate it in the record. *See* Ex. F (Ms. Pauley responding "When DOE's draft environmental assessment is released for public review and comment, you will be notified via email of its release, with instructions regarding how to access the file and how to submit comments."). This response is critical to Plaintiffs' claim that DOE violated NEPA by not

---

[13] Defendants also have taken inconsistent positions on how to handle deliberative documents within this case. For example, both agencies claim that deliberative materials are not part of the administrative record and therefore they are not required to list them on a privilege log. Yet the privilege logs provided by the agencies contain a small number of documents that apparently are being withheld under the deliberative process privilege. *See* Exhibit E.

[14] Further, Defendants' assertion of privilege can be considered waived through voluntary disclosure. *See Fla. House of Representatives v. U.S. Dep't of Commerce*, 961 F.2d 941, 946 (11th Cir. 1992) ("Where an authorized disclosure is *voluntarily* made to a non-federal party, the government waives any claim that the information is exempt from disclosure under the deliberative process privilege.") (emphasis in original). Defendants should not be allowed to argue now that the documents are deliberative since they had the chance under FOIA and under the initial certification of the Corps administrative record to withhold the same documents as deliberative.

providing an opportunity for public comment on its draft EA after consistently telling the pubic it would do so throughout the process. *See* ECF No. 75, ¶¶ 131–37, 187–96 (Claim 7), 213–17 (Claim 10, in alternative). DOE's failure to make the draft EA available for public comment was an arbitrary and capricious unexplained change in DOE's position because the decision was contrary to what DOE explicitly told interested parties in this case, including Senator Susan Colling. *See* Ex. A (DOE_AR_0038538–40). The omitted email is a culmination of months of Plaintiffs' counsel communicating with DOE to ensure the opportunity to comment on the EA before it was finalized, and DOE is confirming that opportunity only three months prior to finalizing its EA. *See* Ex. F. DOE provided the draft EA to the Maine DEP for a seventeen-day comment period on December 21, 2020, *see* Ex. A (DOE_AR_0057585), yet despite its repeated assurances of a public comment period, DOE finalized the EA/FONSI on January 14, 2021, without releasing it for public comment. Plaintiffs relied on DOE's unequivocal statements that the draft EA would be available for comment to participate in the NEPA process fully and effectively, and the omitted email is direct evidence of that reliance. This omitted email is further "reasonable, non-speculative grounds" to rebut the presumption of completeness.

3.  **The Record Should Be Supplemented with the Extra–Record Evidence of Plaintiffs' Expert Declarations.**

The Court should allow Plaintiffs to supplement the record with Plaintiffs' expert declarations made in support of their Preliminary Injunction motion (ECF Nos. 18, 20) because their inclusion is necessary to show that Defendants did not consider all relevant factors in decision-making and to comprehensively explain the environmental effects of the Project. Specifically, Plaintiffs seek to supplement the record with the following expert declarations: ECF Nos. 18-10 through 18-17, and 18-20.

While judicial review of agency action is normally confined to the administrative record, extra-record evidence may be permitted to enable judicial review to become effective. *Ruskai v. Pistole*, 775 F.3d 61, 66 (1st Cir. 2014). A court may consider extra-record materials "(1) when necessary to determine whether the agency considered all relevant factors in making its decision; (2) when the agency has relied on extra-record materials; (3) when necessary to explain technical terms or complex subject matter; or (4) when the agency has acted in bad faith." *Id*.[15] Plaintiffs' motion to supplement the record falls within the first and third categories, and thus no showing of bad faith is required. In determining whether Defendants relied on all relevant factors in this case under the first category, NEPA's requirements must be considered. Under the third category of supplementation, facilitating comprehension can take numerous forms, such as evidence explaining technical and scientific procedures, evidence that explains the implementation of an agency decision where the administrative record is notably silent, or additional testimony by experts. *Strahan*, 966 F. Supp. At 116–17 (permitting supplementation with deposition testimony of the impact on various endangered mammals, [and] testimony describing different scientific procedures that allegedly should have been used in the agency decision, . . . to aid the court's understanding of technical aspects of the agency decision); *Emhart Indus., Inc. v. New England Container Co., Inc.*, 274 F. Supp.3d 30, 46 (D. R.I. 2017) (permitting supplementation of the record with expert testimony that presented additional factual evidence as an aid to the court's understanding of highly technical environmental matters).[16]

---

[15] *See also Strahan v. Linnon*, 966 F.Supp. 111, 114 (D. Mass. 1997) (citations omitted) ("[C]ourts may consider extra-record evidence 'to show factors that the agency should have considered but did not.'"). Other circuits have supported the use of extra-record evidence in NEPA cases, because the review of agency decisions under NEPA involves examining both what was considered–which is in the administrative record–and what was not considered, which is not part of the record. *See, e.g., Davis Mountains Trans-Pecos Heritage Ass'n v. Fed. Aviation Admin.*, 116 F. App'x. 3, 5 (5th Cir. 2004); *Suffolk Co. v. Sect'y of Interior*, 562 F.2d 1368, 1383–85 (2d Cir. 1977).

[16] Plaintiffs reserve the right to argue for the inclusion of additional extra-record evidence if Plaintiffs determine that it is warranted in filing their Motion for Summary Judgment.

Here, supplementation is necessary because Plaintiffs' expert declarations show that the Defendants failed to consider relevant factors and the expert declarations provide scientific explanations of the impacts of the Project that are otherwise absent from the administrative records. Supplementation is especially warranted here because portions of Plaintiffs' expert declarations respond to the Corps' EA, which was not available for public comment. For example, the Declaration of David Publicover discusses how the Corps ignored relevant factors in its decision-making, such as the value of the ecologically critical areas in the Project's location, ECF No. 18-10, at 7, and supports the allegation that the Corps did not take a "hard look," as required by NEPA, at the fragmenting impacts of the new powerline corridor. *Id*. at 10–15. Dr. Publicover's Declaration also provides evidence that "directly contradicts the [Corps'] conclusion (EA Findings and Determinations 12.3) that 'there are no unique characteristics that will be impacted by the proposed project.'" *Id.* at 6. Plaintiffs' expert declarations also provide explanations of scientific and technical matters not explained in the current record. For example, the Declaration of Matthew Schweisberg explains the indirect adverse impacts to areas of wetlands and other waters that are absent from the EA. ECF No. 18-11, at 10–11. Further, while Defendants' Eas contain quantitative discussions of impacts, the Eas contain no qualitative discussions regarding how these quantitative impacts affect the environment. Plaintiffs' expert declarations provide that missing qualitative discussion and help provide scientific explanations of the Project's direct, indirect, and cumulative impacts. *See, e.g.,* ECF No. 18-15, at 11–13 (explaining qualitative impacts on brook trout habitat and specific alternatives that could have been considered to minimize those impacts). Plaintiffs seek to supplement the record to show Defendants ignored available, relevant scientific information, thereby failing to consider all relevant factors. Plaintiffs' supplementation also would provide a discussion of the Project's

impacts that is missing from Defendants' administrative records, thus helping to explain technical and scientific matters related to the Project.

**D. CONCLUSION**

For the forgoing reasons, Plaintiffs respectfully request that the Court grant its motion to compel completion of the administrative records by ordering Defendants to produce a privilege log identifying deliberative documents withheld from the administrative record and substantiating their claims of deliberative process privilege, and to add the documents included in Exhibit B to the Corps' administrative record and documents in Exhibits C and F, as well as certain comments identified, *supra* at page 5, by Corps' AR numbers, to DOE's administrative record. Plaintiffs also respectfully request that the Court permit supplementation of the record with the following expert declarations: ECF Nos. 18-10 through 18-17, and 18-20.

Respectfully submitted this 8th day of April, 2022.

/s/ *Catherine B. Johnson*
Catherine B. Johnson
P.O. Box 551
Alna, ME 04535
207-586-5706
Maine Bar #002758

/s/ *Kevin Cassidy*
Kevin Cassidy
(*pro hac vice*)
Earthrise Law Center
P.O. Box 445
Norwell, MA 02061
(781) 659-1696
cassidy@lclark.edu

*Counsel for Plaintiffs*