UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SIERRA CLUB, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | 2:20-cv-00396-LEW |
| ) | |
| UNITED STATES ARMY CORPS OF ) | |
| ENGINEERS, et al., ) | |
| ) | |
| Defendants ) | |

**ORDER ON MOTION TO COMPEL COMPLETION OF
THE ADMNISTRATIVE RECORD AND TO
SUPPLEMENT THE RECORD**

Plaintiffs challenge the permitting decisions of the Department of Energy (DOE) and the U.S. Army Corps of Engineers (the Federal Defendants) in connection with the construction of an electrical transmission line by Central Maine Power and NECEC Transmission, LLC (the Intervenor Defendants). (Second Amended Complaint, ECF No. 75.) Plaintiffs move the Court to order the Federal Defendants to: (1) prepare and file a privilege log identifying the documents or information withheld from the administrative record, (2) complete the administrative record with certain documents that were allegedly before the Federal Defendants at the time of the challenged actions, and (3) supplement the administrative record with additional expert reports. (Motion, ECF No. 106.) The Federal

Defendants and Intervenor Defendants oppose the requests. (Federal Defendants' Response, ECF No. 110; Intervenor Defendants' Response, ECF No. 109.)

After consideration of the parties' arguments, the Court grants in part and denies in part Plaintiffs' requests.

**LEGAL STANDARDS**

"Under the APA, a reviewing court may set aside an agency's decision if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law,' such as if it is 'unsupported by substantial evidence.'" *Atieh v. Riordan*, 797 F.3d 135, 138 (1st Cir. 2015) (quoting 5 U.S.C. § 706(2)). Courts are instructed "to leave agency action undisturbed unless 'the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" *City of Taunton, Massachusetts v. EPA*, 895 F.3d 120, 126 (1st Cir. 2018) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). "[I]nquiry into the mental processes of administrative decisionmakers" is ordinarily not proper unless there is "a strong showing of bad faith or improper behavior. . . ." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971).

When reviewing an agency's action, courts examine "the whole record or those parts of it cited by the party." 5 U.S.C. § 706. Typically, in an APA case, "'the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.'" *Boston Redevelopment Authority v. National*

*Park Service*, 838 F.3d 42, 48 (1st Cir. 2016) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).

The complete or "whole record" for APA review consists of all the documents and materials that were "before the agency at the time the decision was made," *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (quotation marks omitted), which includes "all documents and materials directly or indirectly considered by the agency." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993); *see also*, *Thompson v. U.S. Dep't of Lab.*, 885 F.2d 551, 555 (9th Cir. 1989). The whole record "should include all materials that might have influenced the agency's decision, and not merely those on which the agency relied in its final decision." *State of Maine v. McCarthy*, No. 1:14-CV-00264-JDL, 2016 WL 6838221, at *1 (D. Me. Nov. 18, 2016). "[T]he agency's 'designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity.'" *Friends of the Boundary Mountains v. Army Corps of Engineers*, No. 1:12-cv-357-GZS, 2013 WL 4589466, at *2 (D. Me. Aug. 28, 2013) (quoting *Bar MK Ranches*, 994 F.2d at 740).

Courts often distinguish between requests to complete the administrative record and requests to look beyond or to supplement the administrative record. *See e.g.*, *Yellowstone to Uintas Connection v. Bolling*, No. 4:20-CV-00192-DCN, 2021 WL 5702158, at *2 (D. Idaho Dec. 1, 2021). Because "[a] court should generally consider neither more nor less than what was before the agency at the time it made its decision," if a court determines that a party has rebutted the presumption of regularity by showing that documents were actually within the "whole record" but were omitted from the documents the agency certified, a

3

court can order an agency to add the documents to complete the true administrative record. *The Cape Hatteras Access Pres. All. v. Dep't of Interior*, 667 F. Supp. 2d 111, 114 (D.D.C. 2009). On the other hand, to supplement the administrative record with evidence that was not before the agency at the time of the action, "the moving party must prove applicable one of the . . . recognized exceptions to the general prohibition against extra-record review." *Pac. Shores Subdivision, California Water Dist. v. Army Corps of Engineers*, 448 F. Supp. 2d 1, 6 (D.D.C. 2006).

## DISCUSSION

### A. Procedures for Deliberative Documents

During the discovery process in civil litigation, and in the context of the disclosure requirements of Freedom of Information Act (FOIA), the deliberative process privilege "protects from disclosure documents [and information] generated during an agency's deliberations" about a policy or decision, "as opposed to documents that embody or explain" a policy or decision that the agency adopts. *Fish and Wildlife Serv. v. Sierra Club, Inc.*, 141 S.Ct. 777, 783 (2021). The purpose of the privilege "is to enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8–9 (2001) (quotation marks omitted).

Documents within the deliberative process privilege are ultimately not included within the version of the administrative record that a court examines during judicial review of agency action. *See e.g.*, *Town of Norfolk v. Army Corps of Engineers*, 968 F.2d 1438, 1458 (1st Cir. 1992) (upholding district court's decision to exclude from the administrative

4

record a draft letter because "the draft letter is clearly protected from disclosure by the deliberative process privilege"). The parties disagree as to circumstances, if any, under which an agency's designation of documents as within the deliberative process is subject to review. Plaintiffs contend the Federal Defendants should identify, in a privilege log, the documents they have withheld to permit Plaintiffs and potentially the Court to assess whether the privilege applies to the withheld documents. The Federal Defendants maintain that the Court should not require a log because the documents have been properly withheld as not relevant. That is, the Federal Defendants, who are tasked with establishing the record before the agencies, contend that regardless of whether a privilege applies, they properly determined that the deliberative documents are not relevant to the judicial review of the agencies' decisions.

Some district courts have concluded that an agency is not required to submit a log to support its withholding from the administrative record of deliberative process documents. *See Am. Petroleum Tankers Parent, LLC v. United States*, 952 F. Supp. 2d 252, 266–67 (D.D.C. 2013). The D.C. Circuit has adopted this approach, reasoning that:

> . . . predecisional and deliberative documents are not part of the administrative record to begin with, so they do not need to be logged as withheld from the administrative record. As we have held, on arbitrary and capricious review, absent a showing of bad faith or improper behavior, agency deliberations not part of the record are deemed immaterial. Because predecisional documents are immaterial, they are not discoverable. A privilege log is required only when a party withholds information otherwise discoverable by claiming that the information is privileged, and since predecisional documents are irrelevant and therefore not otherwise discoverable, they are not required to be placed on a privilege log.

*Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) (quotations and citations omitted).

In other circuits, however, a growing consensus of district courts has required an agency to submit a log if it withholds from the administrative record any deliberative process information or documents. *See Friends of the Clearwater v. Higgins*, 523 F. Supp. 3d 1213, 1226–28 (D. Idaho 2021). Those courts generally reason that: (1) the proper scope of the "whole record" before the agency is broad and includes anything directly or indirectly considered by the agency, often including documents such as memoranda or recommendations of assistants that might be labeled deliberative, (2) relevancy is an inapt basis for blanket exclusion because the relevance of deliberative documents and decisionmakers' motivations is governed by conditional rather than categorical rules; (3) the deliberative process privilege is qualified rather than absolute, meaning that the need for disclosure can sometimes outweigh the interests served by excluding the deliberative documents; and (4) agencies usually have the burden of establishing a document is protected by a privilege and there is no reason to eliminate courts' usual role in overseeing the accuracy of a claim of privilege – otherwise, an agency would effectively have unreviewable discretion as to whether a document is within the deliberative process privilege. *See e.g.*, *Clinch Coal. v. Forest Service*, No. 2:21CV00003, 2022 WL 1018840, at *4–6 (W.D. Va. Apr. 5, 2022); *Bartell Ranch, LLC v. McCullough*, No. 321CV00080MMDCLB, 2021 WL 6118738, at *3 (D. Nev. Dec. 27, 2021); *In re Clean Water Act Rulemaking*, No. C 20-04636 WHA, 2020 WL 6686370, at *2 (N.D. Cal. Nov. 12, 2020); *State v. ICE*, 438 F. Supp. 3d 216, 218 (S.D.N.Y. 2020); *Exxon Mobil Corp. v. Mnuchin*, No. 3:17-CV-1930-B, 2018 WL 10396585, at *4 (N.D. Tex. June 26, 2018); *Ctr. for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1276 n.10 (D. Colo. 2010).

While no other circuit court has evidently addressed the issue in depth in a published opinion, in unpublished orders, the Second, Fourth, and Ninth Circuits have arguably endorsed an approach that is contrary to the D.C. Circuit's approach. *Defenders of Wildlife v. Dep't of the Interior*, No. 18-2090, slip op. at 2 (4th Cir. Feb. 5, 2019) (ordering agency to file the administrative record and "submit a privilege log in the event the Government withholds any documents under the guise of the deliberative process privilege (or any other privilege)"); *In re Nielsen*, No. 17-3345 (2d Cir. Dec. 27, 2017), Slip Op. at 3 (denying request for a writ of mandamus overruling district court's order to submit a privilege log of documents withheld from administrative record in part because "without a privilege log, the District Court would be unable to evaluate the Government's assertions of privilege");[1] *In re United States*, 875 F.3d 1200, 1210 (9th Cir. 2017), reversed on other grounds, 138 S. Ct. 443 (2017), (upholding district court's order requiring a privilege log in order for an agency to withhold deliberative documents from agency's designated record).[2]

In-circuit relevant decisions are also limited. Though the First Circuit and this Court have acknowledged the ultimate administrative record subject to judicial review ordinarily does not include deliberative intra-agency memoranda or other documents within a privilege, they determined that the documents were not part of the record after an in camera

---

[1] Plaintiffs submitted a copy of the Fourth and Second Circuit's orders as attachments. (ECF No. 106-4.)

[2] The parties dispute whether the Sixth Circuit adopted or rejected the D.C. Circuit's approach. As with the First Circuit, *see infra*, the Sixth Circuit has noted that documents covered by the deliberative process privilege are excluded from the record on judicial review, but it did not address the question of whether the basis for that exclusion results from categorical irrelevance or the protection of a privilege. *See In re DOD & EPA Final Rule: Clean Water Rule: Definition of "Waters of the United States," 80 ed. Reg. 37,054 (June 29, 2015)*, No. 15-3751, 2016 WL 5845712, at *2 (6th Cir. Oct. 4, 2016). That conclusion provides little or no guidance, therefore, regarding the propriety of requiring a log.

inspection of the documents had been conducted. *See Town of Norfolk*, 968 F.2d at 1455–59; *State of Maine v. McCarthy*, No. 1:14-cv-00264-JDL, 2016 WL 6838221, at *1 (D. Me. Nov. 18, 2016).

The reasoning supporting the use of a log is persuasive regardless of whether the records are withheld because the documents are irrelevant or privileged.[3] The preparation of a log would not be overly burdensome as the number of deliberative documents is likely relatively small when compared to the entire record. A log is a practical and meaningful way to allow a party and ultimately a court to assess whether an agency has properly characterized a document as part of the deliberative process.

The Federal Defendants, therefore, must prepare a log with sufficient detail to permit Plaintiffs and the Court to assess whether the withheld documents can fairly be considered within the deliberative process. *See Cooling Water Intake Structure Coal. v. United States Env't Prot. Agency*, 905 F.3d 49, 65 (2d Cir. 2018) (noting that the agency

---

[3] The First Circuit's opinion in *Town Of Winthrop v. F.A.A.*, 535 F.3d 1 (1st Cir. 2008) is of limited assistance given that the panel did not consider the exact issue presented here because the parties were litigating the accuracy of the agency's assertions of privilege in a separate FOIA action. *Id.* at 15 ("the Documents pertaining to internal deliberative processes are irrelevant to this petition"). That case illustrates, however, that the FOIA alleviates somewhat judicial concerns about unfettered agency discretion regarding claims of privilege when compiling the administrative record. Because APA challengers are ordinarily able to submit a FOIA request for the very same underlying documents, and because the agency would have to justify its claims of privilege in any resulting FOIA legal action, the more salient concern in many cases might be judicial economy rather than creating unfettered agency discretion. In other words, an agency's objection to producing a privilege log in an APA proceeding is arguably not persuasive because it essentially amounts to a demand that APA challengers be forced to file FOIA requests and FOIA legal actions to obtain the very same privilege log information before or during the challengers' APA action. The inevitable delays and redundancies caused by separate lawsuits would frustrate the interests of judicial economy. As this case illustrates, separate legal proceedings can only enhance the potential for different agencies or even the same agency to assert, even if inadvertently, arguably inconsistent positions regarding the application of privileges to the same documents or the same information, which can only hinder the parties' efforts to resolve disputes efficiently. *See infra* Part B-2-b.

had prepared "a privilege log that adequately describes" the omitted documents and the rationale for classifying them as privileged, and finding "nothing in the privilege log that would disturb the presumption of regularity afforded to the agencies' certified record) (quotation marks omitted); *Ctr. for Native Ecosystems*, 711 F. Supp. 2d at 1276 n.10 (describing contents of an adequate privilege log in a similar context).

### B.     Motion to Complete the Record

The "presumption of regularity [of the administrative record] may be rebutted only upon clear evidence that the agency's designated record is not accurate and complete." *State of Maine v. McCarthy*, No. 1:14-CV-00264-JDL, 2016 WL 6838221, at *1 (D. Me. Nov. 18, 2016). To satisfy that burden, "pure speculation" is not enough; a party "must identify reasonable, non-speculative grounds for its belief that the documents were considered by the agency and not included in the record." *Pac. Shores Subdivision, California Water Dist. v. Army Corps of Engineers*, 448 F. Supp. 2d 1, 6 (D.D.C. 2006). Courts have examined factors such as: "(1) when the documents were presented to the agency; (2) to whom; and (3) under what context." *Ctr. for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1275 (D. Colo. 2010); *see also*, *Pac. Shores Subdivision*, 448 F. Supp. 2d at 7.

#### 1.     Army Corps' Administrative Record

Plaintiffs maintain the Army Corps' administrative record is incomplete because its certified version of the record does not include certain letters and public comments provided to the Maine Department of Environmental Protection (MDEP) during the MDEP's proceedings concerning Intervenor Defendants' proposed project. (Plaintiffs'

9

Exhibit B, ECF No. 106-2.)  The Army Corps acknowledges that it relied on the MDEP final decision, but the Army Corps argues that its reliance on the final decision does not imply that it considered all public comments and asserts that it did not consider the comments in dispute.[4]

Courts have noted that not "every scrap of paper" in the hands of an agency employee is within the administrative record, and courts have cautioned that an overly broad interpretation of the scope of the record could hinder judicial review.  *See e.g., Ctr. for Biological Diversity v. Wolf*, 447 F. Supp. 3d 965, 973 (D. Ariz. 2020); *Pacific Shores Subdivision*, 448 F. Supp. 2d at 5.  Defendants also persuasively argue that "documents merely referenced or cited in another document in the administrative record" are not necessarily themselves incorporated into the administrative record.  *See Save the Colo. v. Dep't of Interior*, 517 F. Supp. 3d 890, (D. Ariz. 2021).

Plaintiffs, however, have shown more than a mere reference to documents in another record. The MDEP proceedings were not merely referenced within the Army Corps' analysis, and relevant portions of the MDEP proceedings were not merely cited within a document the Army Corps included in the designated record.  When Plaintiffs submitted their public comments to the state agency before the Army Corps completed its own review of the proposed project, Plaintiffs sent the documents to a relevant decisionmaker within the Army Corps - the project manager for the Intervenor Defendants' proposed project.

---

[4] DOE evidently included the documents within the designation of its administrative record, but that fact likely should be given little, if any, weight when determining whether a different federal agency directly or indirectly considered the documents.  Plaintiffs have not adequately explained why the mere fact that the documents were before DOE implies that the same documents were before the Army Corps.

The reason the project manager's contact information was included on the service list for the submissions if the Army Corps did not intend to consider the submissions is not apparent. A party could reasonably rely on the designated process for submission. The MDEP proceedings and analysis represented a consequential part of the Army Corps' analysis and decision, as the First Circuit previously noted on interlocutory appeal. *See Sierra Club v. United States Army Corps of Engineers*, 997 F.3d 395, 406 (1st Cir. 2021) (rejecting Plaintiff's argument that the Army Corps did not address baseline environmental conditions because the Army Corps "incorporated the whole of MDEP's environmental analysis").

Plaintiffs also highlight evidence of the Army Corps' stated intention to consider the responses received during the MDEP public comment period. The Intervenor Defendants submitted similar documents to the same Army Corps project manager during the MDEP proceedings and previously sought to have the comments designated as a part of the Army Corps' administrative record for essentially the same reasons Plaintiffs now offer in support of their motion. (Letter, ECF No. 111-2.) Among other relevant statements, counsel for Intervenor Defendants asserted:

> The documents were produced in part, but not solely, for the Maine DEP and LUPC proceedings concerning the NECEC project; they also were produced for the Corps, which was intimately involved in those proceedings and which took the materials filed in those proceedings under direct consideration. The Corps told CMP that it would be relying on the Maine DEP record in making its decision, so CMP prepared its Maine DEP filings with that dual purpose [in] mind.

*Id.* at 3–4.

Plaintiffs have provided reasonable, non-speculative evidence that the public comments were before the agency and directly or indirectly considered. Accordingly, Plaintiffs have met their burden of showing clear evidence that the designated record is incomplete without the disputed documents. The Army Corps must include the documents to complete the administrative record.

### 2. DOE's Administrative Record

#### a. *Public Comments from Army Corps Proceedings*

Plaintiffs contend that DOE's administrative record is incomplete because its certified version of the record does not include certain comments submitted in response to two public notices issued by the Army Corps during its proceedings. (Motion at 9 (citing Bates numbers within ECF No. 106-1)). The argument for inclusion of the relevant public comments is essentially the same argument discussed above. *See supra* Part B-1. DOE acknowledged that it "participated in the [Army Corps'] NEPA process and reviewed public comments provided to [the Army Corps] on its EA." (Attachment at 75, ECF No. 106-1.) Unlike the public comments from the MDEP proceedings that were also sent to the Army Corps, however, copies of the public comments were evidently never sent to DOE; they were only submitted to the Army Corps. DOE asserts that it only reviewed the public comments that were submitted to the Army Corps and sent to DOE. There is no evidence to suggest that DOE distinguished among the comments to exclude certain substantive comments or to skew the record evidence in favor of a preferred result.

Because the record lacks clear evidence that a relevant decisionmaker at DOE received or reviewed the subject documents, and because DOE's statement in its EA is

consistent with DOE's explanation offered here, the Court cannot conclude that the documents were before the agency at the time of challenged action. Plaintiffs have not sustained their burden to show that DOE's designated record is incomplete without the documents.

### *b. Deliberative Documents*

Plaintiffs argue that DOE's administrative record is incomplete because its certified version does not include certain email communications that DOE now claims or previously claimed are covered by the deliberative process privilege. (Attachment, ECF No. 106-3). Plaintiff became aware of some of the documents through a FOIA request. In its response to the request, DOE disclosed the documents and did not state that it withheld them pursuant to the FOIA exemption for the deliberative process privilege. DOE now argues that the documents are deliberative but claims the documents should never have been included on its privilege log because deliberative process documents are not part of the "whole record," and therefore an assertion of privilege is unnecessary.

As noted above, a log is reasonable regardless of whether an agency withheld the deliberative documents because the documents are not part of the record or because the documents are privileged. DOE will be required to provide a complete log identifying the documents withheld as deliberative process documents. *See supra* Part A. If after production of the log, the parties disagree as to whether a document or documents should be included in the administrative record, the parties can request a conference with the Court to discuss further proceedings regarding the issue.

*c.     Email Reply*

Plaintiffs claim that DOE's designated record is incomplete without a final email message within a chain of communications regarding an intention to allow public comment following the release of its EA. (Attachment, ECF Nos. 106-6, 108.) According to Plaintiffs, the final reply is important because it supports their claim that DOE acted arbitrarily and capriciously by refusing to allow a public comment period on its EA. DOE acknowledges that the other messages in the email chain were included within the version of the record it designated. DOE asserts that the final message in the chain was left out inadvertently. (Federal Defendants' Response at 12 n.9.) As the Federal Defendants acknowledge, the email message should be included in the record. (*Id.*)

**C.     Motion to Supplement with Extra-Record Evidence**

"Supplementing the administrative record on judicial review is . . . the exception, not the rule, and is discretionary with the reviewing court." *Town Of Winthrop v. F.A.A.*, 535 F.3d 1, 14 (1st Cir. 2008). "A court may consider extra-record materials '(1) when necessary to determine whether the agency considered all relevant factors in making its decision; (2) when the agency has relied on extra-record materials; (3) when necessary to explain technical terms or complex subject matter; or (4) when the agency has acted in bad faith.'" *State of Maine v. McCarthy*, No. 1:14-cv-00264-JDL, 2016 WL 6838221, at *11 (D. Me. Nov. 18, 2016) (quoting *Ruskai v. Pistole*, 775 F.3d 61, 66 (1st Cir. 2014) (quoting *WildWest Inst. v. Bull*, 547 F.3d 1162, 1176 (9th Cir. 2008)).[5]

---

[5] Defendants argue that there are only two exceptions within the First Circuit. *See City of Taunton, Massachusetts v. EPA*, 895 F.3d 120, 127 (1st Cir. 2018) ("We have recognized a pair of situations in which we have the discretion to supplement the agency record"); *Town Of Winthrop*, 535 F.3d at 14 ("There are

Plaintiffs ask the Court to supplement the Federal Defendants' administrative records with several expert reports. (Attachments, ECF Nos. 18-10 – 18-17.)[6] Plaintiffs argue the expert reports are necessary to determine whether the agency considered all relevant factors and are needed to explain technical terms or complex subject matter. The record in this case, however, is extensive, and a cursory inspection of portions of the record reveals that the record includes sufficient information to assist the Court in its understanding of the technical aspects and bases of the Federal Defendants' decisions. Plaintiffs have not demonstrated that the expert reports are required to determine whether the agencies considered all relevant factors. Supplementation under the circumstances of this case would be inconsistent with the general rule that supplementation is the exception, rather than the rule for APA challenges to agency actions. The record does not support Plaintiffs' request to supplement the record for judicial review with the expert reports that were not considered by the Federal Defendants.

---

two types of situations in which we may exercise that discretion"). I am not persuaded, however, that the First Circuit's references to two exceptions explicitly recognized by the Supreme Court are inconsistent with or effectively overruled the *Ruskai* Court's recognition of four possible circumstances that might justify supplementation. The citation and quotation in *Ruskai* post-dated *Town Of Winthrop*, and there is no suggestion in *City of Taunton* that the panel considered or intended to overrule the reasoning applied in *Ruskai*. Furthermore, one of the exceptions the First Circuit discussed in *Town Of Winthrop* and *City of Taunton* itself contains two parts and used language suggesting the two parts were not necessarily an exhaustive list. *See City of Taunton*, 895 F.3d at 127 ("Examples of this include agency decisions involving highly technical, environmental matters or when we are faced with a failure to explain administrative action as to frustrate effective judicial review") (citations and quotation marks omitted). Without further guidance from the First Circuit, I am not convinced that the *McCarthy* Court misstated the law or that the law has changed substantially since the *McCarthy* decision.

[6] Plaintiffs also requested inclusion of the attachment at ECF No. 20 but subsequently withdrew that request. (Plaintiffs' Reply at 12 n.17, ECF No. 111.)

## CONCLUSION

For the foregoing reasons, the Court grants in part Plaintiffs' motion. The Court orders (1) the Federal Defendants to produce logs adequately describing any deliberative process materials (or any other allegedly privileged information) withheld from their certified administrative records, (2) the Army Corps to include within its certified administrative record the public comments submitted to MDEP and the Federal Defendants, which comments Plaintiff described in its motion, and (3) the Federal Defendants to include in the administrative record the email message that was inadvertently omitted. The Court otherwise denies Plaintiffs' motion.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 26th day of July, 2022.