UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SIERRA CLUB, et al., | ) |
|     Plaintiffs | ) ) ) |
| v. | )   2:20-cv-00396-LEW ) |
| UNITED STATES ARMY CORPS OF ENGINEERS, et al., | ) ) ) |
|     Defendants | ) ) |

**ORDER ON MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD**

Plaintiffs challenge the permitting decisions of the Department of Energy (DOE) and the U.S. Army Corps of Engineers (the Corps) (collectively, the Federal Defendants) in connection with the construction of an electrical transmission line by Central Maine Power and NECEC Transmission, LLC (the Intervenor Defendants). (Second Amended Complaint, ECF No. 75.) Plaintiffs move for an order requiring the Federal Defendants to: (1) complete the administrative record with deliberative documents for which the Federal Defendants do not claim the protection of the deliberative process privilege or any other privilege and (2) review twenty-nine documents to confirm that they were not inadvertently omitted from the administrative record and the deliberative documents log. (Motion, ECF No. 137.) The Federal Defendants oppose both requests. (Federal Defendants' Response, ECF No. 140.)

After consideration of the parties' arguments, I grant Plaintiffs' first request and deny the second request.

## **LEGAL STANDARDS**

"Under the [Administrative Procedure Act (APA)], a reviewing court may set aside an agency's decision if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law,' such as if it is 'unsupported by substantial evidence.'" *Atieh v. Riordan*, 797 F.3d 135, 138 (1st Cir. 2015) (quoting 5 U.S.C. § 706(2)). Courts are instructed "to leave agency action undisturbed unless 'the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" *City of Taunton v. EPA*, 895 F.3d 120, 126 (1st Cir. 2018) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

Judicial review is based on "the whole record or those parts of it cited by the party." 5 U.S.C. § 706. Typically, in an APA case, "'the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.'" *Boston Redevelopment Authority v. National Park Service*, 838 F.3d 42, 48 (1st Cir. 2016) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). The complete or "whole record" for APA review consists of all the documents and materials that were "before the agency at the time the decision was made," *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (quotation marks omitted), which includes "all documents and materials directly or indirectly considered by the agency." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993); *see also*, *Thompson v. U.S. Dep't*

*of Lab.*, 885 F.2d 551, 555 (9th Cir. 1989).  The whole record "should include all materials that might have influenced the agency's decision, and not merely those on which the agency relied in its final decision." *State of Maine v. McCarthy*, No. 1:14-CV-00264-JDL, 2016 WL 6838221, at *1 (D. Me. Nov. 18, 2016).  "[T]he agency's 'designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity.'" *Friends of the Boundary Mountains v. Army Corps of Engineers*, No. 1:12-cv-357-GZS, 2013 WL 4589466, at *2 (D. Me. Aug. 28, 2013) (quoting *Bar MK Ranches*, 994 F.2d at 740).

Courts often distinguish between requests to complete the administrative record and requests to look beyond or to supplement the administrative record.  *See e.g.*, *Yellowstone to Uintas Connection v. Bolling*, No. 4:20-CV-00192-DCN, 2021 WL 5702158, at *2 (D. Idaho Dec. 1, 2021).  Because "[a] court should generally consider neither more nor less than what was before the agency at the time it made its decision," if a court determines that a party has rebutted the presumption of regularity by showing that there are extant documents falling within the "whole record" but which the agency omitted from the documents it certified as containing the whole record, a court can order an agency to add the documents to complete the true record for judicial review.  *The Cape Hatteras Access Pres. All. v. Dep't of Interior*, 667 F. Supp. 2d 111, 114 (D.D.C. 2009).  To satisfy that burden, "pure speculation" is not enough; a party "must identify reasonable, non-speculative grounds for its belief that the documents were considered by the agency and not included in the record." *Pac. Shores Subdivision, California Water Dist. v. Army Corps of Engineers*, 448 F. Supp. 2d 1, 6 (D.D.C. 2006).  Courts have examined factors such as:

3

"(1) when the documents were presented to the agency; (2) to whom; and (3) under what context." *Ctr. for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1275 (D. Colo. 2010); *see also*, *Pac. Shores Subdivision*, 448 F. Supp. 2d at 7.

A somewhat different rationale is needed to support a request to supplement the administrative record with evidence that was not before the agency at the time of the action. "A court may consider extra-record materials '(1) when necessary to determine whether the agency considered all relevant factors in making its decision; (2) when the agency has relied on extra-record materials; (3) when necessary to explain technical terms or complex subject matter; or (4) when the agency has acted in bad faith.'" *McCarthy*, No. 1:14-cv-00264-JDL, 2016 WL 6838221, at *11 (quoting *Ruskai v. Pistole*, 775 F.3d 61, 66 (1st Cir. 2014) (quoting *WildWest Inst. v. Bull*, 547 F.3d 1162, 1176 (9th Cir. 2008)).

"[I]n reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record" because a searching inquiry into executive officials' motivations risks an unwarranted intrusion into another branch of government that "should normally be avoided." *Dep't of Commerce v. New York*, 204 L. Ed. 2d 978, 139 S. Ct. 2551, 2573 (2019). "[A] court may not reject an agency's stated reasons for acting simply because the agency might also have had other unstated reasons," and "a court may not set aside an agency's policymaking decision solely because it might have been influenced" or "informed" by political considerations. *Id.* Therefore, "extra-record discovery" into the subjective intent or mental processes of decisionmakers is only warranted when there is "a strong showing of bad faith

4

or improper behavior." *Id.* at 2573–74 (quoting *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)).

## DISCUSSION

### A. The Deliberative Process Privilege and the Court's Prior Orders

"The deliberative process privilege shields documents that reflect an agency's preliminary thinking about a problem, as opposed to its final decision about it." *Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 785 (2021). "The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8–9 (2001) (quotation marks omitted). To invoke the privilege and protect a document from disclosure, the government carries the burden of establishing . . . (1) that the withheld material is an inter- or intra- agency memorandum . . . (2) that the document is deliberative; and (3) that it is predecisional." *Stalcup v. CIA*, 768 F.3d 65, 70 (1st Cir. 2014).[1]

"A document will be considered 'predecisional' if the agency can (i) pinpoint the specific agency decision to which the document correlates, (ii) establish that its author prepared the document for the purpose of assisting the agency official charged with making

---

[1] In Freedom of Information Act cases, Congress has also provided a temporal limit. The privilege "shall not apply to records created 25 years or more before the date on which the records were requested." 5 U.S.C. § 552(b)(5). The FOIA time limit is not relevant here.

the agency decision, and (iii) verify that the document precedes, in temporal sequence, the decision to which it relates." *Providence Journal Co. v. Dep't of Army*, 981 F.2d 552, 557 (1st Cir. 1992) (citations and quotation marks omitted). "A predecisional document will qualify as 'deliberative' provided it (i) formed an essential link in a specified consultative process, (ii) reflects the personal opinions of the writer rather than the policy of the agency, and (iii) if released, would inaccurately reflect or prematurely disclose the views of the agency." *Id.* at 559 (quotation marks omitted). "There is considerable overlap between these two prongs because a document cannot be deliberative unless it is predecisional." *Fish & Wildlife Serv.*, 141 S. Ct. at 786.

Because the deliberative process privilege is "qualified" and "not absolute," the First Circuit has described it as a "discretionary privilege," which means that even if a record satisfies the elements of the privilege, "nondisclosure is not automatic." *Texaco Puerto Rico, Inc. v. Dep't of Consumer Affs.*, 60 F.3d 867, 885 (1st Cir. 1995). When deciding whether a privileged document should be disclosed despite its privileged nature, courts weigh and balance "the interests of the litigants, society's interest in the accuracy and integrity of factfinding, and the public's interest in honest, effective government." *Id.*

In April 2022, Plaintiffs sought, among other things, an order requiring the Federal Defendants to produce a log "to determine whether Defendants are improperly excluding documents from the whole record under the deliberative process privilege." (First Motion to Complete and Supplement the Record at 11, ECF No. 106; *see also*, *id.* at 13 ("this Court should order Defendants to provide a privilege log for deliberative documents withheld from the administrative records"). The Federal Defendants, primarily relying on precedent

6

from the D.C. Circuit, argued that because "deliberative documents—regardless of any privilege that may attach to them—are properly excluded from an administrative record to begin with, there is no need for Federal Defendants to establish via a privilege log that the deliberative process privilege, or any other privilege, applies to these documents." (Response to First Motion to Complete and Supplement at 11–12, ECF No. 110.)

In July 2022, the Court noted that a number of district courts and arguably three other circuit courts had endorsed Plaintiffs' position, and the Court determined that "[t]he reasoning supporting the use of a log is persuasive regardless of whether the records are withheld because the documents are irrelevant or privileged."  (Order on First Motion to Complete and Supplement at 6–8, ECF No. 116; *see also*, *id.* at 16 (ordering "the Federal Defendants to produce logs adequately describing any deliberative process materials (or any other allegedly privileged information) withheld from their certified administrative records").[2]

In August 2022, the Federal Defendants sought clarification of the Court's order. (Motion for Clarification, ECF No. 117.)  As relevant here, the Federal Defendants asked whether (1) the Court had ordered them to produce logs identifying "all documents over which Federal Defendants are asserting the Deliberative Process Privilege, or . . . logs of all deliberative documents in the agencies' possession, regardless of whether Federal

---

[2] The First Circuit and this Court had acknowledged the ultimate administrative record subject to judicial review ordinarily does not include documents protected by deliberative process privilege or another privilege, but they did not address the Federal Defendants' argument that a log is unnecessary because deliberative process documents are entirely irrelevant on APA review. *See Town of Norfolk v. U.S. Army Corps of Engineers*, 968 F.2d 1438, 1458–59 (1st Cir. 1992); *State of Maine v. McCarthy*, No. 1:14-cv-00264-JDL, 2016 WL 6838221, at *1 (D. Me. Nov. 18, 2016).

Defendants are asserting the Deliberative Process Privilege over those documents, and (2) if the prior order required logs describing all deliberative documents regardless of whether the Federal Defendants were asserting the deliberative process privilege, "whether this Court has ruled that the remaining, non-privileged deliberative documents must be added to the agencies' administrative records." (*Id.* at 5.)  The Court clarified that:

> The Federal Defendants shall produce logs adequately describing all documents they withheld from the certified administrative records as deliberative process documents regardless of whether the Federal Defendants believe that a privilege applies. The purpose of the logs is to permit Plaintiffs and, if necessary, the Court, to assess whether the documents can reasonably be considered deliberative documents. The Federal Defendants are not required at this time to include in the certified administrative records any documents they have deemed to be deliberative documents.

(Order on Motion for Clarification, ECF No. 121.)  The parties then conferred, and the Federal Defendants produced logs as ordered.

**B.     The Disputed Documents**

The Corps' log identifies 683 documents, 234 of which are emails which the Corps asserts do not contain deliberative text, but which transmit deliberative attachments. (Corps' Log, ECF No. 137-4; Response to Second Motion to Complete Record (Response) at 15, ECF No. 140.)  DOE's log identifies 142 documents, 13 of which fall into the same category.  (DOE Log, ECF No. 137-5; Response at 15.)  The Corps expressly disclaimed the protection of the deliberative process privilege for all the documents in its log.  (Emails at 2, ECF No. 137-6.)  DOE asserted the protection of the deliberative process privilege for only six of the documents it listed.  (DOE Log at 2, 4, 7–8.)

8

Plaintiffs do not seek inclusion in the records of the six documents for which the Federal Defendants asserted the protection of the deliberative process privilege. Rather, Plaintiffs request an order requiring the Federal Defendants to complete their administrative records by including all the remaining documents listed on the logs. In other words, Plaintiffs ask the Court to address whether documents the Federal Defendants characterize as non-privileged deliberative documents are not part of the "whole record" because, as the Federal Defendants argue, they are irrelevant to APA review, or whether deliberative documents would be considered within the "whole record" unless they were excluded based on the deliberative process privilege.

The Federal Defendants did not provide any additional arguments on that question. Instead, the Federal Defendants characterize the Court's prior rulings as having already decided the issue in their favor. The Federal Defendants argue that Plaintiffs' motion is an untimely request to reconsider the prior orders.

Although Plaintiffs' first motion sought completion and supplementation of the administrative records as to other disputed documents, the only request Plaintiffs made about deliberative process documents was a request that the Federal Defendants prepare logs of the documents they withheld from their certified administrative records on that basis. The Court did not reject Plaintiffs' argument; the Court granted Plaintiffs' requested relief. In doing so, the Court questioned the authority the Federal Defendants cited, but the Court did not resolve the ultimate relevance vs. privilege issue as a log was appropriate regardless. Without a log, the Federal Defendants' characterization of the withheld

9

documents as privileged or nonprivileged but irrelevant would be free from scrutiny.[3] Accordingly, when the Federal Defendants sought clarification whether the Court had ordered them to include in their certified administrative records all "non-privileged deliberative documents," the Court answered in the negative but expressly stated that the Federal Defendants were not required to do so *at this time*, which implicitly left open the possibility of additional proceedings on the issue. In short, the Court did not preclude a motion on the issue after the parties conferred and produced the logs.

The authority cited in the Federal Defendants' response to Plaintiffs' first motion primarily rested on *Oceana Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) (labeling "predecisional and deliberative documents" as "immaterial," "irrelevant" and "not part of the administrative record to begin with, so they do not need to be logged as withheld from the administrative record"). As discussed in the order on Plaintiffs' first motion, the categorical irrelevance reasoning in *Oceana* is not persuasive because it is arguably inconsistent with the approach taken by several other Circuits and has been convincingly critiqued by other district courts. *See, e.g.*, *Clinch Coal. v. United States Forest Serv.*, 597 F. Supp. 3d 916, 922–25 (W.D. Va. 2022); *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, No. 2:19-CV-14243, 2020 WL 2732340, at *4–7 (S.D. Fla. May 26, 2020).

---

[3] If the Federal Defendants' argument is adopted—that with an agency's characterization of a predecisional document as a nonprivileged deliberative document, the document is not subject to judicial review and thus need not be logged—the privileged deliberative documents would have less protection than the nonprivileged documents. Arguably, all predecisional deliberative documents are within the privilege or are presumptively privileged. That is, "[d]ocuments are 'predecisional' if they were generated before the agency's final decision on the matter, and they are 'deliberative' if they were prepared to help the agency form its position." *Fish & Wildlife Serv.*, 141 S. Ct. at 786. An intra-agency communication that is predecisional and deliberative is within the deliberative process privilege. *Stalcup v. CIA*, 768 F.3d at 70.

I am persuaded that deliberative process documents to which the privilege is not applied might have relevance on APA review in some circumstances. If, for example, an employee of an agency informed a person involved in the deliberative process about an important issue that had been neglected or required further analysis, and that employee was rebuked or the issue remained entirely unaddressed through the issuance of the agency decision, documents reflecting the communication and the agency's response to it would presumably have some relevance for a district court tasked with determining whether an agency "failed to consider an important aspect of the problem. . . ." *City of Taunton v. EPA*, 895 F.3d 120, 126 (1st Cir. 2018). Likewise, if documents showed that staff were directed to develop statutory justifications to defend a decision that had already been made for non-statutory reasons, the documents would presumably be relevant if a challenger argued that "the agency has relied on factors which Congress has not intended it to consider. . . ." *Id.*; *see, e.g.*, *Whitman v. Am. Trucking Associations*, 531 U.S. 457, 471 n.4 (2001) (holding that the Clean Air Act "unambiguously bars cost considerations from the [National Ambient Air Quality Standard]-setting process" and noting that if a challenger could prove that EPA was secretly considering costs "it would be grounds for vacating the NAAQS"); *see also*, *Desert Survivors v. US Dep't of the Interior*, 231 F. Supp. 3d 368, 382 (N.D. Cal. 2017) (discussing cases invalidating agency action because higher officials made a decision for certain reasons and directed lower officials to find other reasons the agency could use to defend the decision). More generally, "the work and recommendations of subordinates" are often directly or indirectly considered by decisionmakers, which suggests they are within the broad definition of the whole record and "should be included"

absent some other reason to exclude them, such as the protection of a privilege. *Ctr. for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1275 (D. Colo. 2010).

Although the Supreme Court has prohibited intrusive extra-record discovery exploring possible unstated reasons for an agency's decision (such as calling executive officials to testify about their subjective motivations) absent a strong showing of bad faith or improper behavior, *see Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), and although the Supreme Court has prohibited district courts from rejecting agency decisions solely because there were additional unstated reasons or because a decision was merely influenced or informed by political considerations, *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2573 (2019), the Supreme Court has not deemed preexisting documents to be categorically irrelevant to APA review and thus not part of the "whole record" simply because such documents could be probative of a decisionmakers' unstated reasons or motives. As one court explained:

> The [Supreme] Court in *Overton Park* did not imply that documents and written correspondence that revealed the agency's decision-making process are off limits in administrative review cases. To the contrary, the Court recognized that a document that sheds light on the factors considered by an agency is often essential to determine whether the agency's decision was arbitrary and capricious. When a record before a district court is so sparse that the court must take testimony from the agency actors themselves, the Court instructed that "inquiry into the mental processes" should generally be

> avoided, but this does not mean that inter-agency communications which highlight such mental processes are similarly off limits.

*Ctr. for Biological Diversity v. Bernhardt*, No. CV 19-109-M-DLC, 2020 WL 1130365, at *2 (D. Mont. Mar. 9, 2020).[4]

The Federal Defendants' categorical irrelevance argument is also difficult to reconcile with the Supreme Court's assessment of a district court's actions more recently in *Department of Commerce*, 139 S. Ct. 2551. In a challenge to the Department adding a citizenship question to the census, when the Secretary of Commerce filed a memorandum suggesting a somewhat different timeline for and role the DOJ had in the decision, the plaintiffs sought completion of the administrative record and extra-record discovery, including depositions of high government officials. *Id.* at 2564, 2574. The district court granted both requests. *Id.* The Supreme Court concluded that it was improper for the district court to permit intrusive extra-record discovery because the plaintiffs had not made the requisite strong showing of bad faith or improper behavior, but the Supreme Court found the order to complete the record "was warranted" at that time, meaning that "more than 12,000 pages of internal deliberative materials" which the parties produced in response to the order "should have been part of the administrative record . . . ." *Id.* at 2574.

---

[4] In addition to *Overton Park*, some courts have cited *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983) for the argument that APA review examines only "the basis articulated by the agency itself." *Id.* That case prohibited courts from upholding an agency decision by coming up with "*post hoc* rationalizations for agency action" and held that "an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Id.* The Court's statements do not support the inverse proposition—that all evidence of deliberations or unarticulated reasons is entirely irrelevant on judicial review.

Based on a review of the full administrative record,⁵ the Supreme Court upheld the reversal of the agency action because it found "an explanation for agency action that is incongruent with what the record reveals about the agency's priorities and decisionmaking process," which left it to conclude that "the sole stated reason . . . seems to have been contrived." *Id.* at 2575–76.

Because deliberative process documents are not categorically irrelevant or immaterial in APA cases, because the Court ordered the Federal Defendants to produce logs of the documents "withheld from the certified administrative records as deliberative process documents," because the Federal Defendants logged documents over which they did not assert the deliberative process privilege or another privilege, and because the Federal Defendants have provided no other justification to support a finding that the nonprivileged documents are beyond the scope of the "whole record," I conclude that Plaintiffs have demonstrated that completion of the administrative records is warranted.⁶

---

⁵ Because in the end the additional materials completing the administrative record "largely justified" extra-record discovery, the Supreme Court reviewed "the District Court's ruling on pretext in light of all the evidence in the record before the court, including the extra-record discovery." *Id.*

⁶ Except for the categorical irrelevance argument, the Federal Defendants did not explain or give an example of a record that might qualify as predecisional and deliberative without also qualifying as a record "directly or indirectly considered" by agency decisionmakers. To the extent that a record could theoretically be prepared "for the purpose of assisting the agency official charged with making the agency decision" and "form an essential link" in the consultative process for the decision, *Providence Journal,* 981 F.2d at 557, without also being "directly or indirectly considered" by agency decisionmakers, the Federal Defendants have waived the argument that any of the documents on the log might fit such a situation. Neither the reasoning herein nor this decision should be construed to suggest that all intra- or inter-agency records or communications predating the decision are part of the administrative record unless the privilege protects the documents from disclosure. Many internal documents and communications involving decisionmakers would not be appropriate for inclusion in the administrative record for reasons other than privilege. For instance, many predecisional documents would be irrelevant (e.g., scheduling or logistical communications) and in some cases an in camera review to assess relevancy might be appropriate. Here, because the Federal Defendants assert a categorical irrelevance argument and have not otherwise challenged

*See Ksanka Kupaqa Xa'lcin v. United States Fish & Wildlife Serv.*, No. CV 19-20-M-DWM, 2020 WL 4193110, at *2 (D. Mont. Mar. 9, 2020) (plaintiffs met their burden because defendants' admission that they omitted documents on the basis of their deliberative nature "is sufficient to overcome the presumption that the administrative record is complete"); *Inst. for Fisheries Res. v. Burwell*, No. 16-CV-01574-VC, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017). The Federal Defendants shall complete their administrative records with the documents described in the logs and over which the Federal Defendants did not assert a privilege.[7]

## C.  Request for Additional Review

When the parties conferred, Plaintiffs sent DOE twenty-six documents constituting a representative sample of a larger group of documents that Plaintiffs assert they could not locate in the administrative record or in the log. DOE agreed that two of the documents should have been included on the log and were inadvertently omitted, but DOE maintained that it was not required to conduct an additional review of the documents. Plaintiffs now ask the Court to order DOE to conduct another review of twenty-nine additional documents.

---

the relevance of particular documents, an in camera review of the documents would serve no purpose. The decision on the Federal Defendants' categorical argument, however, shall not be construed to preclude the Federal Defendants from challenging the significance of any particular document as part of their merits argument.

[7] The Federal Defendants also made some assertions of attorney-client privilege, which Plaintiffs did not challenge. For the documents in the log for which a privilege was claimed, the Federal Defendants are authorized to redact privileged information or, if the protected information within the document is not segregable, withhold the entire document.

15

Plaintiffs cite no authority showing their request for multiple undefined rounds of additional review is standard or proper in an APA case. The Court ordered the parties to confer in good faith to resolve the remaining disputes regarding the administrative record, and I am not convinced that any party has failed to do so by taking an unreasonable position. Furthermore, because I grant Plaintiffs' request to complete the administrative record with most of the documents identified in the log, Plaintiffs will presumably have the opportunity to compare the twenty-nine documents they possess. Further relief on the issue is not supported by the record.

## CONCLUSION

For the foregoing reasons, within fourteen days of the date of this order, the Federal Defendants shall supplement the administrative records with the documents described on the logs, except for the documents for which they have asserted a privilege. I deny Plaintiffs' request for an order requiring an additional comparison of the twenty-nine other documents that are the subject of Plaintiffs' motion.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of July, 2023.