UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| SIERRA CLUB, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00396-LEW |
| | ) | |
| UNITED STATES ARMY CORPS OF ENGINEERS, et al., | ) ) | |
| | ) | |
| Defendants | ) | |

## **ORDER ON OBJECTIONS**

In this action, Plaintiffs Sierra Club and other organizations challenge the Army Corp of Engineers' and the Department of Energy's decisions to issue permits to Intervenor-Defendant Central Maine Power Company ("CMP") in connection with CMP's project to construct an electrical transmission corridor from the Canadian border to the Forks Plantation. The matter is before the Court on Defendants' and Intervenor-Defendant's Objections to Magistrate Judge's Order (Defs.' Objection, ECF No. 148; Intervenor-Def.'s Objection, ECF No. 149). The Objection takes issue with the compelled production of nonprivileged deliberative process documents following compelled preparation of discovery logs.

### Background

The order under review is the last in a trio of related orders Magistrate Judge Nivison issued pertaining to Plaintiffs' effort to compel "completion" of the administrative record.

Order on Mot. to Compel Completion of the Admin. R. (ECF No. 145).  The process of compiling the administrative record for purposes of this litigation began in August 2021, following the First Circuit's return of its mandate on Plaintiffs' appeal from the denial of their motion for preliminary injunction.  The process has been protracted due to, primarily, intervening litigation, but it has also been drawn out by an agreed upon schedule that allowed for Plaintiffs and Intervenor-Defendant to review, comment on, and litigate the quality of the record compiled by Defendants.  That process resulted in certain disagreements.  For present purposes the issue at bar concerns deliberative process documents and predecisional communications, more specifically whether the incorporation of such documents into the record should be compelled to the extent that Defendants have not claimed that disclosure would divulge the privileged deliberative process undertaken by agency decisionmakers.  In terms of nomenclature, Defendants have referred to such documents as nonprivileged deliberative process documents.[1]  The Defendants have also characterized the subject documents as "not evidence" and "irrelevant" to their administrative decision and, by extension, not evidence and irrelevant for purposes of

---

[1] Privileged deliberative process documents are "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (internal quotation marks omitted). "The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance 'the quality of agency decisions,' by protecting open and frank discussion among those who make them within the Government." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8–9 (2001) (citation omitted) (quoting *Sears, Roebuck*, 421 U.S. at 151).  The deliberative process privilege is one of a variety of "civil discovery privileges" and is most commonly invoked in the context of civil litigation brought pursuant to the Freedom of Information Act, where the privilege is statutorily recognized.  *See* 5 U.S.C. § 552(b)(5).  Unlike nonprivileged deliberative process documents, privileged deliberative process documents are by their very nature relevant to the administrative decision because they disclose the deliberative process of administrative decisionmakers.

2

judicial review. In effect, Defendants consider such materials to be extra-record dross that facilitated administrative review but is devoid of any analytical or evidentiary value.[2]

Magistrate Judge Nivison first considered the matter in the context of Plaintiffs' April 8, 2022, Motion to Compel Completion of the Administrative Records and to Supplement the Record (ECF No. 106). In the relevant portion of his first Order on Motion to Compel Completion of the Administrative Record ("First Record Order," ECF No. 116), Judge Nivison observed that "[d]ocuments within the deliberative process privilege are ultimately not included within the version of the administrative record that a court examines during judicial review of agency action" (*Id.* at 4), but he agreed with Plaintiffs that Defendants' determination of which documents do and which documents do not fall within the deliberative process document category (including nonprivileged deliberative documents irrelevant to the decision-making process) must be disclosed in a discovery-style privilege log to facilitate judicial review of the completeness of the record, at least where the "preparation of a log would not be overly burdensome." (*Id.* at 8.) He therefore ordered Defendants to "prepare a log with sufficient detail to permit Plaintiffs and the Court to assess whether the withheld documents can fairly be considered within the deliberative

---

[2] In this regard, I understand Defendants to be referencing materials like agency communications that relay an item of evidence or a draft document to facilitate deliberation. Defendants stated that they would not include in the record the communication or the attached document if the documents consisted of evidence already part of the record. Plaintiffs presume that they should have access to both items to evaluate their contents. Defendants presume that the documents are irrelevant to the administrative decision because the communications do not express the stated reason for agency action and the evidence attached is otherwise disclosed. Defendants indicate that if the attached document contained facts, data, or other evidence not available elsewhere in the record, then they would disclose both the attached document and the communication and would only redact portions of the communication if those portions disclosed privileged deliberations. (Motion for Clarification at 4 & n.1, ECF No. 117.)

3

process." (*Id.*) In regard to the compelled preparation of the logs, Judge Nivison did not draw any distinction between privileged deliberative materials and irrelevant or outside-the-record deliberative process materials. (*See, e.g.*, *id.* at 13 ("[A] log is reasonable regardless of whether any agency withheld the deliberative documents because the documents are not part of the record or because the documents are privileged.")).

Defendants thereafter requested clarification of the First Record Order. (Motion for Clarification, ECF No. 117.) In their request, Defendants reiterated that certain documents were excluded from the record because they do not contain "evidence or information that was directly or indirectly considered by the agency decision-makers but not available elsewhere in the record." (*Id.* at 3–4.) Although on my reading Judge Nivison well understood this point, Judge Nivison granted the request for clarification and explained both that "[t]he purpose of the logs is to permit Plaintiffs and, if necessary, the Court, to assess whether the documents can reasonably be considered deliberative documents" and that Defendants should not construe the First Record Order as requiring them to include in the administrative record documents they deem deliberative. (Order on Mot. for Clarification, ECF No. 121.)

Defendants complied with the First Record Order without objection. Their compliance effectively waived objection to the compelled preparation of the logs. *See* Fed. R. Civ. P. 72(a). The parties thereafter agreed to a multi-month schedule to govern the review of the logs, attempts to resolve any residual issues through a meet-and-confer process, and formal motion practice absent an agreement on the content of the records. Six months after Judge Nivison's clarification, Plaintiffs filed their second Motion to Compel

4

Completion of the Administrative Record (ECF No. 137). After considering the briefs and oral argument, Judge Nivison issued his Order on Motion to Compel Completion of the Administrative Record ("Second Record Order," ECF No. 145).

In his Second Record Order, Judge Nivison observed that the deliberative process privilege is "discretionary," meaning that courts must balance certain considerations before allowing "nondisclosure." (*Id.* at 6 (citing *Texaco Puerto Rico, Inc. v. Dep't of Consumer Affs.*, 60 F.3d 867, 885 (1st Cir. 1995).) Judge Nivison further observed that Defendants "expressly disclaimed the protection of the deliberative process privilege" for the vast majority of the deliberative process documents itemized in their logs. (*Id.* at 8.) The record substantiates this finding, as does the position taken by Defendants in these proceedings. Judge Nivison then took up Plaintiffs' contention that an agency has no basis to withhold from the administrative record nonprivileged deliberative documents and communications produced or exchanged by anyone in the agency's employ concerning the challenged administrative action, regardless of Defendants' contention that such materials played no part in the decision-making process in terms of expressing the basis for the agency's decision or providing evidence considered by the agency not elsewhere made available in the record. Judge Nivison concluded that judicial review of such determinations should be the norm, otherwise nonprivileged deliberative documents would be shielded from judicial review even though privileged deliberative documents are not. From there, he posited that nonprivileged deliberative documents "might have relevance on APA review in some circumstances." (Second Record Order at 11 (hypothesizing examples involving documents or communications divulging internal dissent over the decisional process or the

5

merits or the expression of administrative reliance on reasons not condoned by law)).  From there, Judge Nivison moved on to conclude that because binding authority does not support a legal conclusion that such documents are "categorically" irrelevant (*id.* at 12–13 (discussing authorities)) and because Defendants provided only a broad-brush relevance objection, "Plaintiffs have demonstrated that completion of the administrative records is warranted" (*id.* at 14).[3]  He therefore ordered Defendants to incorporate into the record for judicial review all of the nonprivileged deliberative process documents.  (*Id.* at 16.)

Defendants timely objected.  After a review of the parties' papers, I conducted a third round of oral argument.  For reasons that follow, Defendants' Objections will be sustained.

## Standard of Review

A magistrate judge's order on a nondispositive matter is subject to review by the district judge and may be set aside to the extent it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

## Discussion

Administrative action is generally subject to judicial review under the Administrative Procedures Act, 5 U.S.C. §§ 701(a), 702–704.  Upon review, a court "shall decide all relevant questions of law, interpret constitutional and statutory provisions, and

---

[3] In a footnote, Judge Nivison further indicated that Defendants had "waived" arguments against production based on the irrelevance of particular documents to the decision-making process, though that was the position that Defendants had advanced all along and was the primary purpose of the log exercise. (Second Record Order at 14 n.6.)   He also stated that neither his reasoning nor his ruling "should be construed to suggest that all intra- or inter-agency records or communications predating the decision are part of the administrative record unless the privilege protects the documents from disclosure." (*Id.*) He envisioned, for example, scheduling or logistical communications and reasoned that the burden was on Defendants to particularize these kinds of irrelevances in the log.

6

determine the meaning or applicability of the terms of an agency action." *Id.* § 706. In evaluating the lawfulness of administrative action, the court "shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error." *Id.* In order for judicial review to be meaningful, an agency must explain the basis for its action and the court must evaluate the agency's "contemporaneous explanation in light of the existing administrative record." *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573 (2019).

Administrative hearings, whether formal or informal, are designed, in the main, as evidence collecting exercises that culminate in a decision. *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985); 5 U.S.C. § 556. When compiling the record in the course of administrative proceedings, "[a]ny oral or documentary evidence may be received, but the agency as a matter of policy shall provide for the exclusion of irrelevant, immaterial, or unduly repetitious evidence." 5 U.S.C. § 556(d). "The transcript of testimony and exhibits, together with all papers and requests filed in the proceeding, constitutes the exclusive record for decision . . . ." *Id.* § 556(e). The evidence gathering and record producing process that is an administrative hearing does not involve in any way, let alone mandate, that the decision-making agency disclose any of its own internal process documentation, drafts, or other predecisional communications.

"[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Florida Power*, 470 U.S. at 743 (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam)). "The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to

7

the agency decision based on the record the agency presents to the reviewing court." *Id.* at 743–44. "The factfinding capacity of the district court is thus typically unnecessary to judicial review of agency decision-making." *Id.* at 744. Moreover, "further judicial inquiry into executive motivation represents a substantial intrusion into the workings of another branch of Government and should normally be avoided." *Dep't of Commerce*, 139 S. Ct. at 2573 (quotation marks omitted). "[A] court may not reject an agency's stated reasons for acting simply because the agency might also have had other unstated reasons." *Id.* "Relatedly, a court may not set aside an agency's policymaking decision solely because it might have been influenced by political considerations or prompted by an Administration's priorities." *Id.*

Defendants object to the Second Record Order on the ground that they have executive authority to construct the administrative record of decision, there is a presumption of regularity in regard to their exercise of that authority, and they have fairly determined that the nonprivileged deliberative process documents at issue are immaterial and irrelevant because they do not contain any statement of reasons for decision or evidence that is not elsewhere contained in the record, were not directly or indirectly considered in making the challenged decision, and therefore do not fall within the "whole record" of administrative decision. (Defs.' Objection at 3–4; *see also* Intervenor-Defs.' Objection at 2.)

Plaintiffs contend that Defendants' approach to record completion offends "decades of precedent" that teaches administrative agencies do not have unilateral authority to

8

withhold all deliberative materials from the record regardless of whether they are privileged or not. (Pls.' Response at 1, ECF No. 152.)

I begin with the observation that Judge Nivison's attention to the record completion task has been characteristically incremental and thoughtful. While there is authority in other circuits holding that Plaintiffs' approach to record completion and Judge Nivison's utilization of logs is inappropriate in the absence of a preliminary showing of some significant irregularity—an initial hurdle that does not appear to have been cleared here—there is no clear guidance in the First Circuit that the utilization of logs to settle record-completeness disputes in the absence of such a showing is necessarily an abuse of discretion. In any event, Defendants did not object to the First Record Order and participated in the log preparation process. Consequently, the question now is whether Defendants, having been compelled to prepare a log of what they describe as irrelevant inter- or intra- agency documents and communications, should be deemed to have waived objection to a request that they be compelled to incorporate such materials into the administrative record because they failed to articulate in detail their relevancy determination for each and every such item beyond the typical contents of a log. First Circuit authority does not dictate the outcome.

In *Town of Winthrop v. Federal Aviation Administration*, the First Circuit observed that "[d]ocuments pertaining to internal deliberative processes [were] irrelevant" to its review of administrative action. 535 F.3d 1, 15 (1st Cir. 2008). There, however, the Court was able to point to findings by a district judge in a related FOIA matter that the documents at issue fell with the internal deliberative process and were exempted from disclosure. *Id.*

9

Whether the district judge's review involved privileged or nonprivileged documents is not clear from what Defendants have provided me. Without that information, *Town of Winthrop* is not clear binding authority that all deliberative process documents are *per se* irrelevant to judicial review.

The First Circuit has more than once observed that the review of an administrative decision is traditionally limited to the administrative decision and the evidence on which the decision was based. *See Murphy v. Comm'r of Internal Revenue*, 469 F.3d 27, 31 (1st Cir. 2006) (noting that the Supreme Court has consistently so stated and citing *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 714–15 (1963)); *see also Olsen v. United States*, 414 F.3d 144, 155 (1st Cir. 2005) ("The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court." (quoting *Florida Power*, 470 U.S. at 743–44)). These opinions, however, seem to focus more on precluding supplementation of the administrative record with evidence generated after or outside of the administrative hearing process. Consequently, they are not determinative of the matter of predecisional deliberative materials.

In *Cousins v. Secretary of the United States Department of Transportation*, the First Circuit discussed the differences between civil actions and APA judicial review proceedings in terms of the ability to generate a plaintiff-favorable record. 880 F.2d 603, 610 (1st Cir. 1989). The Court observed that APA proceedings focus on the record "compiled by the agency," unlike in civil actions, but noted that the plaintiff has the ability to provide record information to an agency for its review. *Id.* *Cousins* is persuasive

authority, like *Murphy* and *Olsen*, that the record is the one compiled before and by the agency, but the three cases together are at best agnostic on the question of whether the record should incorporate materials other than the administrative decision and the evidence gathered by the agency both for and against the requested administrative action. *Cousins* does bring us back to the related question, though, of whether civil litigation discovery process is the appropriate tool for courts to utilize for purposes of APA-based administrative record completion.

Although the foregoing First Circuit cases do not speak to the appropriateness of the omission of nonprivileged deliberative materials from the "whole record," there is cause to conclude that the First Circuit does not consider it inappropriate to exclude from the record materials like agency personnel notes and communications. In *Town of Norfolk v. U.S. Army Corps of Engineers*, the First Circuit recognized the applicability of the deliberative process privilege in the context of APA proceedings. 968 F.2d 1438, 1456 (1st Cir. 1992). There, the petitioners sought to obtain and place in the record communications among agency officials and personnel, including inter-agency communications. *Id.* at 1455. The petitioners had learned of the existence of the communications through Freedom of Information Act proceedings and sought to secure their introduction in the APA matter by means of a subpoena for "all documents concerning pre-permit communications between the EPA, the Department of Justice and the Corps." *Id.* Similar to the hypothetical situations proposed by Judge Nivison, the petitioners hypothesized the existence of communications that might disclose that unwarranted pressure was placed on the Corps to issue a permit. *Id.* After in camera review, the district court determined that most of the

documents did not belong in the record because they had not been "considered by the Corps personnel." *Id.*  Because they had not been considered the documents were deemed outside the record and the district court quashed the subpoena as to those documents given the lack of any showing of bad faith or improper behavior. *Id.* at 1456.  The First Circuit held that the district court had not abused its discretion.  Of potential relevance here, it explained that it is "obvious" that not every agency communication need be included in an administrative record.  *Id.*  Nonetheless, it reviewed the documents and independently found that they were appropriately withheld from the record because they "contain[ed] no factual or policy information relevant to the issuance of the permit." *Id.*  The First Circuit also cited approvingly a district court decision that "notes of employees" of an agency "were properly not made part of the administrative record." *Id.* (citing *Nat'l Wildlife Fed. v. Burford*, 677 F. Supp. 1445, 1457 (D. Mont. 1985)).  And perhaps most tellingly, the First Circuit affirmed the exclusion of these items before turning to the assertions of privilege, whether work product, attorney-client, or deliberative process privilege.

The foregoing First Circuit authorities neither compel exclusion or inclusion of an agency's nonprivileged deliberative communications and documents.  However, *Town of Norfolk* suggests that when it comes to decisions about the inclusion of a nonprivileged deliberative document or communication in an administrative record, the agency's inquiry and the court's should focus on whether a disputed document contains factual or policy information relevant to the decision.  If it does not, the law does not demand that it find a place in the administrative record.  The *Town of Norfolk* reasoning is not inconsistent with and arguably harmonizes with the views expressed by two other circuit courts of appeal.

In *Oceana, Inc. v. Ross*, the D.C. Circuit concluded that the district court did not abuse its discretion when it denied a request to have an agency prepare a privilege log. 920 F.3d 855 (D.C. Cir. 2019). There, the plaintiff moved to compel the agency to review all agency files related to the matter, including email communications, and include them in the record. *Id.* at 860. The district court denied the motion, reasoning that deliberative process documents need not be logged because they "are not part of the administrative record to begin with." *Id.* at 865. The D.C. Circuit agreed, using the following language, which I quote at length:

> Because predecisional documents are "immaterial," they are not "discoverable." Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter *that is relevant* to any party's claims or defense ...." (emphasis added)). A privilege log is required only when "a party withholds information otherwise discoverable by claiming that the information is privileged," Fed. R. Civ. P. 26(b)(5), and since predecisional documents are irrelevant and therefore not "otherwise discoverable," they are not required to be placed on a privilege log.
>
> The fact that the agency could also assert the deliberative process privilege over such predecisional documents does not change the analysis. Rather than submitting a privilege log, on APA review, the agency must submit "[p]roper certification" that the record is complete, which serves as "formal representation by the [agency]" that it duly evaluated all predecisional documents before excluding them from the record. *Norris & Hirshberg v. Securities and Exchange Commission*, 163 F.2d 689, 694 (D.C. Cir. 1947). The federal rules do not require parties to provide logs of all documents that were not produced because they were deemed immaterial or irrelevant. It would be quite odd to require a different procedure in agency review cases, particularly since "the designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993) (citing *Wilson v. Hodel*, 758 F.2d 1369, 1374 (10th Cir. 1985)). This is not an instance where a redacted document was placed in the administrative record and there was a credible showing that the redactions may have obscured "factual information not otherwise in the record," *National Courier Ass'n v. Board of Governors*, 516 F.2d 1229, 1242 (D.C.

13

> Cir. 1975), or where the agency improperly supplemented the record with "post hoc rationalizations" supporting its actions, *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984), or where a "substantial showing" was made that the record was incomplete, *Nat. Res. Def. Council, Inc. v. Train*, 519 F.2d 287, 291 (D.C. Cir. 1975). These situations would justify further action or inquiry by the District Court.

*Id.* In summary, the D.C. Circuit extends a presumption of regularity to the record certified by the agency, without entertaining Rule 26 discovery-style disputes unless the record reveals that factual information was withheld or there is some other substantial showing of incompleteness. Absent such a showing, an agency's certification of completeness is afforded the presumption of regularity.

Recently, the Ninth Circuit has joined the D.C. Circuit in this holding. In *Blue Mountains Biodiversity Project v. Jeffries*, the Ninth Circuit affirmed a district court's exercise of discretion to deny a motion seeking an order that an agency prepare a privilege log for its deliberative materials. 72 F.4th 991 (9th Cir. 2023). The Ninth Circuit recognized that district courts in its circuit were divided as to whether "deliberative materials are part of the 'whole record.'" *Id.* at 996. It held that the D.C. Circuit's *Oceana* formulation is the correct statement of the law. In short, "barring clear evidence to the contrary," it is to be presumed "that an agency properly designated the Administrative Record," *id.* at 997 (internal quotation marks omitted), and "inquiry into the mental processes of administrative decisionmakers is usually to be avoided," *id.* (quoting *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), and citing *Morgan v. United States*, 304 U.S. 1, 18 (1938)). The Court left "for another day a detailed exploration of

14

the precise circumstances under which a district court can order the production of a privilege log." *Id.*[4]

These persuasive authorities[5] are helpful to the present discovery-style conundrum. Like First Circuit precedent, they acknowledge that there is room for a district court to exercise discretion in these matters, while also affording a presumption of regularity to agency representations about the scope of the record it actually reviewed for decision-making purposes. They teach that an agency cannot presume to have the authority to determine the contents of the record unilaterally, but also that a party challenging

---

[4] In the Ninth Circuit and the Tenth Circuit, the agency must certify that the record includes all materials "directly or indirectly considered" by decisionmakers. *Blue Mountains*, 72 F.4th at 996 (quoting *Thompson v. U.S. Dep't of Lab.*, 885 F.2d 551, 555 (9th Cir. 1989)); *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993) (citing district court decisions outside the Tenth Circuit). It appears that of the circuits only the Ninth and Tenth have used the "directly or indirectly considered" phrase in published opinions. District courts in the D.C. Circuit (and elsewhere) also require that the record consist of all documents considered by decisionmakers. *See*, *e.g.*, *Forest Cnty. Potawatomi Cmty. v. United States*, 270 F. Supp. 3d 174, 183 (D.D.C. 2017); *Sara Lee Corp. v. Am. Bakers Ass'n*, 252 F.R.D. 31, 34 (D.D.C. 2008). This standard is different from a requirement that every document in an agency's possession and accessible to a decision-maker belongs in the record of decision. *Blue Mountains*, 72 F.4th at 997; *Oceana*, 920 F.3d at 865. The "indirectly considered" idea has an uncertain provenance, but it does not appear to override assertions of irrelevance even in those circuits, like the Ninth and Tenth, that use the language. *Blue Mountains*, 72 F.4th at 997; *Friends of Animals v. United States Fish & Wildlife Serv.*, No. 4:18-cv-53, 2019 WL 8137578, at *1 (D. Utah Dec. 27, 2019). In *Town of Norfolk*, the First Circuit considered the directly or indirectly considered language, but neither adopted it nor rejected it expressly. 968 F.2d at 1456.

[5] Plaintiffs have provided other persuasive authorities, including a Fourth Circuit unpublished order granting a motion to compel requiring the preparation of a log "in the event the Government withholds any documents under the *guise* of the deliberative process privilege." (First Motion to Compel, Ex. D, ECF No. 106-4) (emphasis added).) From the record provided by Plaintiffs I cannot evaluate the significance of the order because I cannot evaluate the circumstances that caused the Fourth Circuit to employ this language. The other authority is an unpublished Second Circuit order denying mandamus relief to the Department of Homeland Security, which sought the stay of a discovery order. There, the court explained that its review of the record provided a "strong suggestion" of incompleteness. Additionally, as in the Fourth Circuit matter, the order was limited to the preparation of a log. *Id.*

administrative action who seeks an order to compel the expansion of the administrative record must come to the court with something more than a fishing pole.[6]

What is clear from the foregoing authorities, both binding and persuasive, is that the record completion task is not actually assigned to the judicial branch, though judges should address record irregularities in the course of judicial review.  Nor does the district court typically have any cause to employ factfinding devices to expand upon the administrative record either in terms of pre-decisional or post-decisional materials.  Nor is there any authority in this Circuit that district courts can or should compel access to the inner workings of an agency's decisional process to fulfill plaintiffs' hopes of discovering dirty laundry such as an expression of internal dissent or a stray comment suggesting that someone contemplated a non-statutory ground for administrative action.[7]  If there is, in fact, a presumption of administrative regularity, requiring an agency to fend off a factfinding initiative in the absence of a significant showing of irregularity pays the presumption no heed.

---

[6] Plaintiffs have trumpeted the existence of one document that they suggest is demonstrative of irregularity in Defendants' record compilation process, say that they flagged "a plethora" of other logged documents, and state that Defendants have disclosed some additional documents in the course of litigation over record completion. (Pls.' Response at 2 n.1, 9–10 & n.13, ECF No. 152.) Judge Nivison did not address these contentions in his Second Record Order, and I decline to reach them in the context of the Objection.

[7] When I consider Plaintiffs' itemization of the logged documents that they believe should be disclosed, it appears to me that for many of these Plaintiffs have honed in on drafts and other documents that they hope might, when examined, divulge administrative thought processes, an approach that is supposed to be avoided.  They also contend that they should have access to certain documents because the log mentions a topic that correspond with one or more of their eleven counts. But if a plaintiff's approach to pleading is to allege multiple counts to correspond with various decision-points in the administrative process, of course deliberative materials will exist that align with the counts.  This is an unpersuasive reason to compel production.  Record completion is about compiling the administrative decision and the evidence developed during related administrative hearings; it is not a factfinding exercise designed to examine deliberative documents and communications to suss out the mental processes of administrative actors.

## Conclusion

Based on the foregoing discussion, I conclude that the compelled inclusion in the administrative record of deliberative process documents out of an unsubstantiated concern that they might express divergent administrative sentiments yet do not express the agencies' stated basis for decision or contain evidence not elsewhere included in the record was legal error. More specifically, it was an improper application of the law to override the presumption of regularity based on supposed shortcomings in Defendants' log that would justify "waiver," absent any discussion of what showing Plaintiffs made on the substantive incompleteness of the record without the inclusion of the logged documents. For that reason, Defendants' Objection is sustained and the Second Record Order is set aside.

**SO ORDERED**.

Dated this 26th day of September, 2023

                                                  /s/ Lance E. Walker
                                                  UNITED STATES DISTRICT JUDGE